No. 23,114.

THE FIDELITY-PHOENIX FIRE INSURANCE COMPANY, *Appellant,* v. L. G. TRELEAVEN, as Receiver of the CONSUMERS LIGHT, HEAT & POWER COMPANY, and J. L. KENNEDY, *Appellees.*

### SYLLABUS BY THE COURT.

INSURANCE—*Action by Insurer for Loss Paid to Insured—Rights of Insured to Subrogation—Matters Not Res Judicata.* The owner of property destroyed by fire sued a person by whose negligence the loss was alleged to have been caused, asking and recovering judgment for the value of the property less an amount paid by a company in which it was insured; thereafter the present action was brought by the insurance company against the same defendant for the amount it had paid the owner; it is held that, assuming that by acquiescence in the maintenance of the first action the defendant had lost the right to object to the splitting of the cause of action, the docrine of *res judicata* does not apply and the adjudication in the first case of the defendant's responsibility for the fire is not binding upon him in the second.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 9, 1921. Affirmed.

*Eugene S. Quinton,* of Topeka, for the appellant.

*T. F. Doran,* of Topeka, for appellee Treleaven.

The opinion of the court was delivered by

MASON, J.:   The Fidelity-Phœnix Insurance Company brought an action against L. G. Treleaven, as receiver of the Consumers Light, Heat & Power Company, for $1,000, alleging that it had paid that sum to J. L. Kennedy on account of the burning of a house belonging to him on which it had written fire insurance to that amount, the loss having been occasioned by the defendant's negligence.   A demurrer to the plaintiff's evidence was sustained, and it appeals.

For its proof that the fire was caused by the defendant's negligence the plaintiff relied wholly upon the principle of *res judicata*—upon the fact (which it showed or offered to show by the court records) that Kennedy had previously sued the defendant for the difference between the value of the house and the amount of the insurance and had recovered a judgment for $500, which necessarily involved an adjudication that the defendant was responsible for the fire and that the property had been worth $1,500.

The defendant asserts that the present action cannot be maintained because this would involve an unwarranted splitting of the cause of action based upon the wrongful setting of the fire.   The plaintiff contends that the defendant has in effect consented to this procedure by not making any objection in that connection to the maintenance of the suit brought by Kennedy specifically for the amount of the loss that fell upon him.   The normal method for adjusting a claim against one whose wrongful act has caused a loss of property insured for less than its value is for the owner to sue the wrongdoer in his own behalf and in behalf of the insurance company.   (*Railroad Co. v. Insurance Co.,* 59 Kan. 432, 53 Pac. 459; *Insurance Co. v. Cosgrove,* 86 Kan. 374, 121 Pac. 488.   See, also, notes, L. R. A. 1916 A, 1282, Ann. Cas. 1917 A, 1298.)   The insurer may, however, bring an action in his own name where the owner settles with the tort-feasor out of court to the extent of his interest and refuses to sue.   (*Insurance Co. v. Railway Co.,* 98 Kan. 344, 157 Pac. 1187.)   The payment of a judgment obtained against the wrongdoer by the insured may not be at-

tended with the same consequences as a voluntary settlement (Note, L. R. A. 1916 A, 1284) ; but we shall assume that the defendant, by his failure to raise any question with reference to the interest of the insurance company when he was sued by Kennedy, must be deemed to have consented to a splitting of the cause of action. Regarding that question as settled we conclude that the demurrer to the evidence was rightly sustained upon the ground that the adjudication in the action brought by Kennedy that the fire was caused by the negligence of the defendant is not binding upon him in this action because the plaintiffs are not the same.

It is true that Kennedy might have brought a single action for the recovery of the entire loss, because the claim of the insurance company against the defendant arose only through subrogation to a portion of his right. It is also true that the present action might have been brought in the name of Kennedy for the benefit of the insurance company. But if it had been brought in that way, although Kennedy would have been in a sense the plaintiff in both cases he would not have been suing in the same capacity. In the one instance he would have been acting for himself and in the other as a trustee for the insurance company. He would have had no personal interest whatever in the latter action; he would have been a merely nominal party. The ordinary code provisions have been held to authorize an action by the insurance company in its own name irrespective of the attitude of the insured. (*Pittsburgh, etc., R. Co. v. Home Ins. Co.*, 183 Ind. 355, annotated in Ann. Cas. 1918 A, 834.)

To the extent of its payment the insurance company was the equitable owner of the claim against the defendant, the legal title and right of action thereon being in Kennedy. The valid splitting of the original cause of action, resulting from the defendant's acquiescence in the maintenance of a separate suit by Kennedy for the portion of the claim of which he was the beneficial as well as the formal owner, removed the tie which bound together the two portions of the claim. It amounted to an assignment by Kennedy to the insurance company with the assent of the defendant of the right to maintain a separate action (whether in its own name or in that of Kennedy for its use is immaterial) for the portion of the original

demand of which it had already become the equitable owner. We do not think the two portions of the claim should be treated as divided for the purpose of allowing separate actions to be maintained and united for the purpose of invoking the doctrine of *res judicata*. We see no occasion for applying that doctrine here more than in any case where the issue between the plaintiff and defendant has already been litigated between the same defendant and a different plaintiff. The situation is much the same as arises where the holder of two notes given to him in the same transaction, the validity of each of which is challenged upon the same ground, assigns one of them and then sues upon the other. A judgment either way in that action would not be available as an adjudication in an action brought by his assignee on the other, although exactly the same issues were presented.

It was shown that one week before the day set for the trial of the suit brought by Kennedy, and two weeks before it was actually tried, the insurance company was informed of the pendency of the case and took no action regarding it. The defendant urges that by this course it lost the right to maintain a separate action. In view of what has already been decided this question need not be passed on.

The judgment is affirmed.