PENTZ and others *vs.* THE RECEIVERS OF THE ÆTNA
FIRE INSURANCE COMPANY.

Where property in the city of New-York, which was insured, was destroyed by order of the mayor and aldermen to prevent the spreading of the fire, and the assured afterwards obtained an assessment of his damages for the destruction of his property, by a jury, in conformity to the statute ; *Held*, that such assessment was not evidence, as between the assured and the underwriters, of the amount of the loss ; and that the assured was entitled to recover of the insurers the whole amount of his loss in consequence of the fire, after deducting therefrom the net proceeds of what had been recovered from the corporation of the city ; provided such balance did not exceed the sum for which the insurers were liable under the policy.

Upon an assessment of damages for property destroyed by order of the mayor or aldermen of the city of New-York to prevent the spreading of a fire, the amount for which the city corporation is responsible is not the whole value of the property destroyed, but only so much thereof as would proba-

bly have been saved if the order to destroy the property had not been given. But as between the assured and the insurers the liability of the latter is more extensive, as it embraces the property which would have been burned if it had not been otherwise destroyed.

1842.

Pentz
v.
Receiver of the
Ætna Fire
Ins. Co.

April 19.

THIS was an appeal from a decision of the vice chancellor of the first circuit. The appellants presented a petition to the vice chancellor stating that they insured in the office of The Ætna Fire Insurance Company, in 1835, $12,000 upon their two stores and $10,000 on the goods therein; that the stores and goods were destroyed by the great fire in New-York, in December of that year, by which they sustained a loss upon the store houses of $30,347,99, and upon the goods therein of $18,537,82; that the stores having been blown up by order of the mayor, a jury was empanelled to assess the damages occasioned thereby, and the jury assessed the damage, occasioned by the blowing up of the buildings, with the goods therein, at $39,476,54, including the interest to the 3d of May, 1838, which assessment was then in litigation before the supreme court; leaving a large balance still due from the insurance company, if the amount of such assessment should be actually recovered; that the insurance company became insolvent by reason of that fire, and that the receivers who had been appointed under the act of February, 1836, had refused to adjust the claim of the petitioners or to submit the same to a reference. The petitioners, therefore, prayed that the receivers might be directed to adjust their claim and pay them their rateable proportion of the assets of the insurance company, or to submit their claim to referees as directed by the statute. Upon the hearing of the parties the vice chancellor decided that the receivers must either adjust the amount of the losses of the petitioners, and after deducting the amount which had been assessed in their favor against the corporation of New-York must admit them to stand as creditors for the balance, and pay their dividends thereon, or must offer to submit the matter to a reference, as directed by the statute, and take the proper steps to have the referees appointed. And an order to that effect was

entered. The receivers not consenting to adjust the claim, referees were appointed accordingly. The referees, upon hearing the proofs and allegations of the parties, decided and reported that the petitioners had sustained a loss to the full amount of their policies, $22,000, which became due and payable on the 25th of May, 1836. And that there was due, including interest thereon to the date of their report, in August, 1839, $25,945. An application having been made to confirm the report, the vice chancellor held that the verdict of the jury, upon the assessment against the corporation, was conclusive as to the amount of the loss sustained by the petitioners ; as the court must presume the jury did their duty and allowed the whole amount of the loss proved before them. He, therefore, denied the application. (*See* 3 *Edw. Ch. Rep.* 341.) From that decision the petitioners appealed. At the time of hearing the appeal the question as to the liability of the corporation, for the amount of the assessment, was still pending and undetermined in the court for the correction of errors. But it was afterwards decided in favor of the petitioners. (*See Mayor, &c. of New-York* v. *Pentz*, 24 *Wend. Rep.* 668.)

*D. Lord, jun.*, for the appellants.

*J. W. Gerard*, for the respondents.

THE CHANCELLOR. I think the vice chancellor erred in supposing the verdict of the jury upon the assessment was conclusive evidence, between these parties, as to the actual amount of the loss which the petitioners had sustained. As between the petitioners and the city corporation it was conclusive. And as the insurance company could have no claim against the city of New-York except through the petitioners, and as being subrogated to their rights, it would be conclusive as between the corporation and that company. But the decision of the supreme court in the case of *The City Fire Insurance Co.* v. *Corlies*, (21 *Wend. Rep.* 367,)

shows that the insurers were liable to the assured to the
extent of their policies, notwithstanding the blowing up of
the buildings.   The application for an assessment against
the corporation was, therefore, for the benefit of the in-
surers to the extent of the insurance, and for the benefit of
the petitioners for the residue of the loss.   And if the jury,
without any fault on the part of the assured, should refuse
to give the whole amount of the loss, either because they
thought some part of the property would undoubtedly have
been destroyed by the fire if the buildings had not been
blown up, or for any other cause, there is no principle
which can make that decision conclusive as to the actual
extent of the loss as between the insurer and the assured.
The fact that a part of the property would unquestionably
have been lost by the fire if the buildings had not been
blown up, would be a good reason for not including that
amount in the assessment against the city.   But it would
be no reason for excusing the insurers from bearing their
proportion of that loss which was covered by the policy.

Again ; the proceedings against the corporation being
for the benefit of the insurers as well as of the assured, the
latter were entitled to a deduction from the amount re-
covered from the city corporation on account of the neces-
sary costs and expenses of litigating that assessment through
all the courts ; and the loss of interest, if any, which had been
sustained without any fault on the part of the petitioners.

The claim against the underwriters must therefore be ad-
justed by ascertaining the whole extent of the loss, at the
cash value of the buildings and goods at the time of the
destruction thereof, including the interest thereon until the
time when the money was recovered under the assessment,
and then deducting therefrom the amount received as the
proceeds of the assessment ; and charging the insurers with
a proportionate share of the costs and counsel fees of that
litigation in proportion to the benefit it was to them in
limiting their liability under the policies.   But in such a
manner as in no event to charge the insurers with more
than the amount of the two policies, and the interest

*1842.*

Pentz
v.
Receiver of the
Ætna Fire
Ins. Co.

thereon from the 25th of May, 1836; when the amount of the loss became due and payable by the underwriters. If the receivers and petitioners cannot agree upon an adjustment upon these principles, the referees must review their report and ascertain the amount due, and report the same to the vice chancellor; to the end that a proper order may be made thereon for the payment of the distributive share of the petitioners out of the funds in the hands of the receivers. No costs are allowed to either party on this appeal; and the proceedings are to be remitted to the vice chancellor.