(13 App. Div. 608.)

### COMMERCIAL BANK v. CATTO et al.

(Supreme Court, Appellate Division, Fourth Department.　February 9, 1897.)

**1. TRIAL BY THE COURT—SUPPLEMENTAL FINDINGS.**

A trial court may, without notice to the parties, make supplemental findings of facts which are established by the evidence, and might have been included in the original findings.

**2. MORTGAGES—VACATION OF FORECLOSURE SALE.**

A foreclosure sale will be set aside where it appears that before the sale the owner appealed from the judgment of foreclosure, and served an undertaking which he believed to be sufficient to stay proceedings, but which was defective in form; that, after the undertaking was returned by plaintiff's attorney, there was not time to prepare another, or to procure the attendance of persons who desired to bid at the sale, and that the property was sold for a grossly inadequate price.

Appeal from special term, Monroe county.

Action by the Commercial Bank against Beaman Catto and others to foreclose a mortgage, in which there was a foreclosure sale. From an order denying defendant Catto's motion to set aside the sale, he appeals. Reversed.

March 31, 1896, the plaintiff commenced this action for the foreclosure of a mortgage. The defendant Catto interposed an answer. The action was tried June 18, 1896, before Justice Werner, without a jury. July 13, 1896, the cause was submitted to the court. July 31, 1896, a decision was made and filed. August 1, 1896, without any notice to the defendant and his attorney, who had appeared in the action, the justice made supplemental findings, which were filed August 3, 1896. Thereafter, and on the last-named day, judgment of foreclosure and sale was entered. In pursuance of such judgment, the plaintiff proceeded to advertise the premises described therein for sale on August 26, 1896. August 13, 1896, the defendant Catto duly appealed from the judgment herein to this court, and that appeal is still pending and undetermined. August 26, 1896, the sale was, by virtue of an order of Justice Nash staying proceedings, postponed until the same hour on August 27, 1896. August 26, 1896, the defendant Catto, through his attorney, procured an order fixing the amount of the undertaking to be given by this defendant in order to effect a stay of proceedings under the judgment during the pendency of the appeal; and the justice, upon such application, made an order directing that the defendant Catto give and file an undertaking, with two sureties, in the penal sum of $10,000, as provided by the first sentence of section 1331 of the Code, which order, together with an undertaking in accordance with such order, was, on the 26th day of August, 1896, duly filed in Monroe county clerk's office; and copies thereof, with notice of filing, were, on August 27, 1896, served upon the attorneys for the plaintiff and upon the referee appointed to make the

sale therein under the judgment before the hour set for the sale on that day. The referee, under instructions of plaintiff's attorneys, held open the sale until 2 o'clock in the afternoon of the same day, and at the last-named hour offered the premises for sale, and the same were sold to the defendant James E. Briggs, who executed the mortgage in question, at his bid of $100. No other bid was made at the sale. The taxes and assessments at that time aggregated several hundred dollars, and the amount claimed to be due the plaintiff, pursuant to the judgment in suit, was stated to be about $15,000. About the time of, or shortly after, the sale took place, plaintiff's attorneys returned to the attorney for the defendant Catto the undertaking that had been served prior to the sale, with a notice to the effect that the same did not comply with the requirement of section 1331 of the Code of Civil Procedure. Immediately thereupon the attorney for the defendant caused a new undertaking to be executed, with the same sureties, and in the same form, as the other, except that he caused to be inserted a provision against waste, and the same was duly filed and served, on the same day, upon plaintiff's attorneys, the referee, and John S. Briggs, the assignee of the purchaser at the sale, James E. Briggs. The last undertaking was returned by plaintiff's attorneys on the ground that the sureties therein did not justify in the manner provided by the statute for the justification of sureties upon like undertakings. Shortly thereafter a motion was made to vacate and set aside the judgment and sale herein, and the deed given by the referee to said John S. Briggs. That motion was denied. This appeal is from an order denying such motion.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

John Van Voorhis, for appellant.

Edward Harris, for respondent.

GREEN, J. The defendant Catto's counsel urges that the judgment should be set aside, for the reason that it is based upon a supplemental decision or finding which the court had no legal authority to make. In the decision of July 31, 1896, the learned trial justice, among other findings of fact, found the following:

"The amount due and to become due, with interest to the 18th day of June, 1896, I hereby compute and fix at $15,494.04, for which, together with interest from said 18th day of June, 1896, and the costs of this action, the plaintiff is entitled to judgment."

The supplemental finding, made on the next day, is as follows:

"I do now, by this supplemental finding, further find that the amount due on the said bond and mortgage, for principal and interest, on the 18th day of June, 1896, was the sum of $5,409.04, and that there is to become due on the said bond and mortgage the further sum of $10,000 of principal and interest thereon from the 28th day of April, 1896, amounting on the 18th day of June, 1896, to the sum of $85; making the total amount due and to become due, including the interest, on the 18th day of June, 1896, $15,494.04. And I further find that the mortgaged premises are so situated that the same cannot be sold in parcels without injury to the respective parties."

The supplemental finding of the learned trial justice did not change the amount which had been previously found to be unpaid upon the mortgage in suit, but stated separately the amount which was already due and that which was to become due. The supplemental finding further provides for the sale of the premises in one parcel, for the reason that the same were so situated that they could not be sold in parcels.

So far as appears, the findings are in strict accordance with, and justified by, the evidence given upon the trial of the case, and which should have originally been included in the decision. When the at-

tention of the court was called to the facts in the case, and to the omission in the decision rendered by it, it was undoubtedly the duty of the court to correct the mistake or omission, obviously due to an oversight of the learned justice in preparing the first decision.    The question in such a case is one of discretion, turning upon the facts to which the attention of the court has been directed.    It has the power to make such correction, and that power only awaits the making of a proper case to call it into action.    The corrections here made were made in order to conform the record to the facts as found by the trial justice, and may be termed clerical in their nature. Such findings being necessary to conform the record to the actual findings in the case under the evidence, and the court possessing inherent power to make such corrections, the refusal of the court to set aside the judgment should be sustained.

The remaining question presented by this appeal is whether or not the court erred in refusing to set aside the sale.    The defendant Catto had duly and regularly appealed from the judgment.    It conclusively appears that after such appeal, and prior to the sale, he honestly intended to procure, under the statute, a stay of all poceedings under the judgment pending such appeal.    Every effort on his part has been made to effect this intention and purpose.    The amount of the undertaking had been fixed by the order of the court, pursuant to the requirements of the statute.    The undertaking itself was executed, and duly and regularly served.    If such undertaking had been in strict accordance with the statute relating to undertakings in like cases, the stay would then have been perfected, and defendant's rights protected.    But it appears the undertaking was defective, in that it contained no provision for indemnity against the commission of waste during the appeal; and the justification of the sureties was insufficient, as they justified in the amount of the undertaking only, instead of double that amount.    The undertaking was served upon the plaintiff's attorneys and upon the referee appointed to sell the premises, just previous to the hour fixed for such sale. Thereupon, under instructions from plaintiff's attorneys, the referee held the sale open until 2 o'clock of the same day.    The undertaking thus served was retained by plaintiff's attorneys until after or about the last-named hour, when the same was returned to this defendant's attorney, with a written notice to the effect that it was so returned because it was defective, and not in compliance with the statute.    The failure to perfect such stay was owing to no negligence or fault of this defendant.    To his attorney he had intrusted all the details for the perfection of this stay of proceedings.    He procured good and sufficient sureties, who executed the undertaking prepared and presented to them by defendant's counsel; and they were ready to, and did, after the return of the first undertaking, execute an undertaking which contained the provision indemnifying the plaintiff against waste pending the appeal.    Defendant's attorney, in his affidavit, alleges:

"That the giving, filing, and serving of such undertaking at that time was intended by the defendant Beaman Catto to be in full and complete compliance with the first sentence of section 1331 of the Code of Civil Procedure of the state

of New York, and was intended to be sufficient to work a stay of all proceedings under said judgment during the pendency of said appeal; that, owing to the shortness of the time between the vacating of the stay of Justice.Nash and the hour set for the sale of said premises, it was impossible to give such care and attention to the form of the undertaking as would otherwise have been done; and, as it was, by reason of the shortness of time, the said undertaking was not executed by the sureties therein named until about ten minutes of the hour set for said sale, although due diligence had been observed, after the granting of the order by Justice Nash, to comply with its terms. At two o'clock on said 27th day of August, 1896, the time to which said sale had been postponed by said referee, Edward Harris, of Harris & Harris, representing the plaintiff, stated in substance to me, before the said premises were exposed for sale, that I should have to give an undertaking against waste, and I replied, in substance, that I thought the undertaking given was sufficient. That was the only notice I had that it was claimed by the plaintiff that the undertaking was defective, until about three o'clock in the afternoon of the same day, when Harris & Harris, attorneys for plaintiff, returned to me the undertaking I had served before this in the forenoon. I immediately caused a new undertaking to be executed by the same sureties; and in the same form, as the other, except I caused to be inserted the provision against waste, and filed same, and caused to be served on the same day a copy thereof on Harris & Harris, Joseph McLean, Jr., referee, and John S. Briggs, the assignee of said purchaser, James E. Briggs."

The undertaking served prior to and on the day of the sale is not in strict compliance with the statute, by reason of the omissions heretofore stated.. The plaintiff, however, could have fully protected itself by having such sale adjourned, and moving to set aside the undertaking, and to allow the plaintiff to proceed with the sale. The defendant, also, if he had been given the opportunity, could have moved to correct the defect, or served a perfect undertaking. The plaintiff, however, elected to adopt another course, and undoubtedly it was justified in so doing; and, after retaining possession of the undertaking until after or about the hour of the sale, returned the same to defendant's attorney, with notice that it would be disregarded by plaintiff because defective. The defendant Catto, having done all that was necessary, so far as he knew, to protect his interests and perfect the stay, was lured into security until it was too late. Believing that the sale would not take place, he did not procure purchasers to bid at such sale, as it appears he might have done if he had believed the sale would then take place. The sale which took place under such circumstances resulted in there being but one bidder for said premises, and that bidder was the defendant Briggs, and the premises were struck off to him at his bid of $100. The premises so sold were sold subject to certain incumbrances, which, together with the amount of the foreclosure judgment, was the sum of not to exceed $85,000. The premises were worth at least $100,000. Upon the motion the defendant presented the affidavit of the defendant Foltz, to the effect that, if there should be a resale of said premises, he would bid at least the sum of $10,000 more than was bidden upon the sale. It is uncontradicted that the defendant Foltz is a man of large wealth, and fully able to perform and fulfill such offer or agreement. It clearly appears, therefore, that these premises were sold for a grossly inadequate price.

It would be doing great injustice to this defendant to say that, under such circumstances, he has no redress, after acting, as he did, in perfect good faith in taking an appeal, and in an honest

endeavor to perfect a stay of proceedings pending such appeal. The question of relief resolves itself into equitable principles, because a sale at an inadequate price, under such circumstances, is in the nature of a sale made by mistake. Certainly, the circumstances of this case clearly disclose that this defendant and his attorney relied upon what had been done as perfecting a stay of proceedings, and believed the sale would not be made. Had there been nothing to mislead the defendant, and this result had arisen from negligence or inability to prevent it, a different question would have been presented; but this defendant was misled in his expectations as to the sale, after a bona fide endeavor to fully protect his interests, and should not be allowed to suffer the consequences of that mistake, if relief can be granted consistent with public utility and the rights of others. The defendant has suffered injury. He believed he had fulfilled all the requirements of the statute in the protection of his rights. A mistake was made, for which he should not be held strictly responsible. Injury has resulted to him by reason of such mistake. It is incumbent upon the court to relieve parties from injuries occurring under such conditions, unless in so doing it may create a greater injury to other individuals. By granting relief to this defendant, the plaintiff's interests cannot be damaged or jeopardized, because it would seem to be in its interests that a resale of these premises should be ordered. It is provided in the judgment of foreclosure and sale "that out of the proceeds of the sale, after deducting the amount of his fees and expenses on said sale, the said referee pay to the plaintiff, or his attorneys, the sum of $205.89, adjudged to the plaintiff for costs and charges of this action, with interest thereon from the date hereof; and also the sum of $15,494.04, with interest thereon from this date, or so much thereof as such proceeds will pay of the same." The amount bid and paid for the premises upon the sale was not sufficient to pay one-half of the costs of the plaintiff's attorneys in the action; so that the plaintiff, as a result of the sale, received nothing upon its claim of over $15,000. It has the assurance that upon a resale a perfectly responsible party will bid at least $10,000 more than was bid at the sale. It appears from the order which was made upon this motion that, in answer to the last proposition above referred to, "John S. Briggs, the purchaser of the mortgaged premises at the sale, pursuant to the judgment herein, in open court offered to convey said mortgaged premises to the said Beaman Catto, or Moses Foltz, on payment of $10,100, and that that sum should be treated in all respects as though it had been bidden at the sale; and this defendant and Moses Foltz, by their counsel, refused to consider that offer." This offer and refusal were set out in full in the order appealed from. This offer is considered by plaintiff's attorneys as a complete answer to the propositions made by defendant Foltz in his affidavit, and it seems to have had an influence upon the court in refusing to grant the relief asked for by this defendant. To my mind, it falls far short from meeting the proposition of defendant. It was shown by the affidavits used upon

this motion and contained in this record that this defendant would have procured other bidders at the sale if he had supposed it was to take place. It appears further that, if a resale should be ordered, the sum of at least $10,000 more than was bid at the sale would be bid and paid for said premises. This defendant ought not to be precluded from the benefit of obtaining all that can be secured for those premises. He has shown that at least $10,000 more will be obtained than was obtained upon the sale. There may be others desirous of purchasing those premises, who would pay a much larger sum therefor; and, if so, this defendant, interested in these premises, and in the amount which is to be realized upon the sale thereof, should be permitted every opportunity for procuring as large a price therefor as possible. The purchaser at such sale did not appear upon this motion, nor does he appear on this appeal, although duly notified of all the proceedings.

Plaintiff's counsel contended before the special term, and asserts upon this appeal, that defendant Catto is not interested in any way in the premises, and therefore ought not to succeed in his application. The record discloses that he was, at the time of the commencement of this action, and at the time of the making of this motion, the owner of the premises, and his title thereto had not in any manner been affected or impaired, except to such extent as the same will have been impaired and affected by the judgment of sale in this action. The plaintiff, by its verified complaint, alleges that he has, or claims to have, some title to, interest in, or lien upon the said mortgaged premises; so that his interest in these premises is, we think, sufficiently established.

We are therefore of the opinion that the special term, under the circumstances of this case, should have exercised the discretion resting in it, and granted the application of this defendant for a resale. That part of the order appealed from which denies the motion of the defendant Catto for a resale of the said premises, and the setting aside of the referee's deed, is reversed, with $10 costs and disbursements; and, inasmuch as the judgment has been vacated upon the motion of the defendant Foltz, no resale is ordered. All concur.