Sarah. Rappaport, Appellant, *v.* Simon Werner and Others, Defendants; Harry Werner, Respondent..

*Action against tort feasors — they are severally liable — a failure to serve one is not a ground for striking the case from the calendar.*

An action against tort feasors to recover damages for alleged wrongdoing, should not be stricken from the general calendar on the ground that one of the parties defendant has not been served with the summons, as in such case each defendant is severally, as well as jointly, liable, and the fact that one defendant is not served does not stay the action as against the others.

Appeal by the plaintiff, Sarah Rappaport, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 21st day of June, 1898, striking the cause from the calendar.

*Abraham H. Sarasohn,* for the appellant.

*Charles L. Cohn,* for the respondent Harry Werner.

Patterson, J.:

The order appealed from, by which this cause was stricken from the general calendar, was erroneously made. The action was against tort feasors, each of whom was charged with responsibility for the same alleged wrong. One of the defendants was a copartner of the plaintiff. The case was stricken from the calendar on the ground that he was a necessary party, and that as he was not served with the summons the cause was not in a condition to be put upon the calendar. That defendant was made a party on the record, but he was not served with process. Under the allegations of the complaint, each defendant was severally, as well as jointly, liable, if there is any liability at all. Whether the action can be maintained ultimately, is not the question that was before the court on this motion. It was a common-law action, and in such an action the fact that one defendant severally liable is not served, does not stay the action as against others who are severally liable. If the summons is issued against all and only served on one or more severally liable, the plaintiff may proceed against those served as if they were the only defend-

ants named.. That is specially provided by section 456 of the Code of Civil Procedure. Those served must answer for their wrong. The case was properly on the calendar for trial, and the order must be reversed, with costs, and the case restored to its proper place on the calendar.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and case restored to its place on the calendar.