HAMILTON FIRE INSURANCE Co., INC., Appellant, v. MAURICE N. GREGER, Respondent, Impleaded with NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, Defendant.

First Department, December 3, 1926.

Insurance — automobile indemnity insurance — individual defendant suffered personal injuries and his automobile was destroyed in collision with train of corporation defendant — plaintiff paid individual defendant under policy and received subrogation receipt — thereafter individual defendant sued corporation defendant for both personal injuries and property damage and settled action out of court — full general release was given corporation defendant — individual defendant has been paid twice as to property damage and must return amount paid by plaintiff — plaintiff had right to sue individual defendant even though it might recover against corporation defendant — defenses interposed by individual defendant raise no issue — summary judgment granted.

In an action to recover the amount paid by the plaintiff on an insurance policy in favor of the individual defendant for damage to said defendant's automobile resulting from a collision between his automobile and a train of the corporation defendant, the answer of the individual defendant interposed no sufficient defense, for it appears that after the plaintiff had paid the individual defendant the property damage suffered by him, the individual defendant began an action against the corporation defendant which was settled out of court, and in which the individual defendant gave a general release covering both property damage and damages for personal injuries.

Under the circumstances the individual defendant has been twice paid. When the plaintiff paid the individual defendant and received a subrogation receipt, an implied contract arose whereby the individual defendant agreed to repay to the plaintiff any amount he might recover by reason of a settlement with the corporation defendant.

The fact that the plaintiff might have recovered against the corporation defendant on the theory that when the railroad paid the individual defendant it knew that he had already received indemnity from the plaintiff, does not deprive the plaintiff of the right of maintaining this action against the individual defendant.

The sole question presented in this case is whether or not the individual defendant has shown any facts entitling him to defend the action, and since he has not shown such facts, the plaintiff's motion for summary judgment is granted.

APPEAL by the plaintiff, Hamilton Fire Insurance Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of April, 1926, denying plaintiff's motion to strike out the answer of the defendant Maurice N. Greger, and for summary judgment against him, which motion was made under rules 113 and 114 of the Rules of Civil Practice and section 476 of the Civil Practice Act, on the ground that there is no defense to the action and that said defendant's answer is a sham.

*Theodore Kiendl* of counsel [*John F. Woods* with him on the brief; *Reich, McNally & Lehr*, attorneys], for the appellant.

*Andrew J. Ewald* of counsel, for the respondent Maurice N. Greger.

BURR, J. The action is brought to recover the sum of $2,000 paid by the plaintiff to the defendant Greger under a policy of insurance by the terms of which the plaintiff insured the defendant against any loss by reason of collision, theft or other property damage to his 1922 model Paige touring car. The policy contained a clause whereby the defendant Greger agreed that the plaintiff should become subrogated to all rights which he might have against any person, partnership, corporation or estate as respects any payment made by the plaintiff under the terms of its policy. The policy was issued on or about the 16th day of November, 1922. Thereafter, and on or about the 1st day of April, 1923, the automobile covered by this policy was struck by one of the trains of the defendant New York, Susquehanna and Western Railroad Company, at a highway crossing in the State of New Jersey, as a result of which the automobile was destroyed and the defendant Greger sustained personal injuries. On May 3, 1923, plaintiff paid to Greger $2,000 covering all claims and demands for loss and damage to his automobile under the policy above

mentioned and he executed and delivered to the plaintiff a subrogation receipt as provided for by the terms of the policy. By the terms of this receipt defendant Greger assigned and transferred to the plaintiff all claims and demands against any person, persons or property arising from, or connected with, the loss or damage to his automobile to the extent of the amount paid. Thereafter suit was brought in the Bergen County Circuit Court of the State of New Jersey, on or about the 20th day of August, 1923, by the defendant Greger against the defendant New York, Susquehanna and Western Railroad Company to recover $25,000 for personal injuries and damage to his automobile and personal attire resulting from the collision above referred to. This action was settled before trial by the railroad company paying to Greger the sum of $3,000 and taking in exchange a release by which he released and discharged the defendant railroad company and all other lines or companies leased, operated or controlled by or allied with it, " from all debts, claims and demands whatsoever, and particularly such as have arisen by reason of, or in any manner grow out of but in no wise limiting this release for all damages sustained as a result of an automobile owned and operated by me colliding with a train of the defendant on or about April 1, 1923, at Rochelle Ave., Rochelle Park, Bergen County, New Jersey, and for which suit was instituted by my attorneys, Messrs. Mackay & Mackay by summons dated August 20, 1923, in the Bergen County Circuit Court."

On February 4, 1925, the attorneys representing Greger in the New Jersey action wrote a letter to the attorneys for the plaintiff herein stating that a settlement had been made in the case of Greger against the New York, Susquehanna and Western Railroad Company and the same included all claims. Demand was thereafter made by plaintiff upon the defendant Greger for the return of the $2,000 which it had advanced him, which demand was refused. This action was then brought by plaintiff against both Greger and the railroad company. Each defendant has appeared and answered.

In his opposing affidavit the defendant Greger admits the facts set forth above, except that he states the settlement which he made with the railroad company was not intended to include any claim for loss or damage to his automobile, but merely his claims for personal injuries and damage to his clothing. He further states that the railroad company had notice of the fact that his automobile was insured by reason of certain answers which he had made on an examination before trial in the New Jersey action. In that examination before trial defendant was examined particularly as to the condition of the automobile prior to the accident,

the extent of the damages it sustained by reason of the accident, and the amount realized by him from its disposal as junk thereafter.

By the complaint in that action the defendant Greger sought to recover damages not only for personal injuries and damage to his personal attire, but also for damage to his automobile.

Paragraph 4 of the complaint alleges: " Because of said negligent omissions, said train collided with an automobile belonging to the plaintiff and then being lawfully driven by plaintiff over said crossing and across said railroad. Whereby the automobile of the plaintiff was destroyed, and plaintiff, who was riding therein, was thrown out and his collarbone broken, his arm dislocated at the shoulder and elbow and plaintiff received other severe lacerations about the face, left hand and elbow and other parts of his body. * * * His clothing was destroyed and in divers other respects he suffered considerable damage and will continue to suffer damage in the future. Plaintiff demands as damages Twenty-five Thousand ($25,000) Dollars."

He makes no claim of fraud in the obtaining of the release. On the contrary, at the time of the giving of the release he made an affidavit to the effect that he understood the nature and contents of the release, and that he released the railroad company from all claims and demands on account of the matters therein set forth.

It is evident that the defendant Greger has been paid twice for the damage to the automobile insured by plaintiff. He should not be permitted to retain both payments.

Insurance of the kind involved in this action is a contract of indemnity under which there can be no recovery in the absence of loss or in excess of the actual loss proven. In the instant case there has been a double recovery by the insured for the same loss.

An implied promise on the part of the defendant Greger to return to the plaintiff insurance company the amount paid him when reimbursed by the railroad company arises from the insurance policy and the subrogation receipt.

The case of *Darrell* v. *Tibbitts* (L. R. 5 Q. B. Div. 560) presents a state of facts similar in many aspects to the situation here. In that case the owner of a house in Brighton leased it under an agreement by the terms of which the lessee was to repair all damage to the house except that occasioned by fire, storm or destruction by foreign enemies. While repairing a street adjoining the house the employees of the town damaged the gas pipe which exploded and destroyed a portion of the building. The owner having the house insured collected from the insurance company the sum of £756. Thereafter, the lessee collected from the town and with

the money thus received restored the house to its former condition as he was bound to do by the terms of his lease. The court held that the contract of insurance was a contract of indemnity and that inasmuch as the house had been placed in its original condition the insured had not suffered any loss, but if he were allowed to keep the money which he received from the insurance company he would be doubly compensated. The court stated that a technical difficulty was presented in determining the exact principle of law by which the plaintiff could recover, but in view of the facts the difficulty was such that it should be surmounted. The court, therefore, implied a promise on the part of the defendant to return the money which the insurance company had advanced. In addition to the implied promise the court held that the plaintiff could recover on the theory of subrogation for the reason that since the insurance company had paid the owner, it was entitled to the benefit of any repairs made by the tenant under the provisions of his lease.

The case of *Hartford Accident & Indemnity Co.* v. *Chartrand* (239 N. Y. 36) states a similar principle. That was an action to recover from an injured employee the amount paid by the insurance company as compensation under the New Jersey Workmen's Compensation Act. After receiving compensation the injured man brought an action in New York against a third party who caused the injuries and recovered a verdict several times greater than the amount of the compensation which had been paid him. The New Jersey Workmen's Compensation Law provided that if a recovery was had against a third party the amount paid by the employer or insurance carrier under the Workmen's Compensation Law should be deducted from the amount of recovery and returned to the party making the payment. However, in the action brought in New York there was no means by which this amount could be deducted and the full amount of the verdict was consequently paid to the injured man. The court held that this being the case the amount paid under the New Jersey Workmen's Compensation Law was a profit over and above the actual value of the injuries which had been determined by the verdict in the New York action. He was entitled to compensatory damages but not to gain by reason of his injuries, and he was, therefore, compelled to return to the insurance company the amount of money which they had paid him as compensation.

Defendant argues against the granting of the motion that the giving of the general release did not deprive plaintiff of its rights against the railroad company.

There is no rule of law requiring a plaintiff who has a cause

of action against two defendants to refrain from proceeding against one merely because he might recover against the other. He has the right to elect against which one he will first pursue his remedy. (*Rappaport* v. *Werner*, 34 App. Div. 525; Civ. Prac. Act, § 216.)

The question on this motion is not whether the plaintiff can recover against another party, but whether the defendant against whom the motion is directed can show by his opposing affidavit, or other proof, facts which entitle him to defend. (*O'Meara Co.* v. *National Park Bank*, 239 N. Y. 386; *General Investment Co.* v. *Interborough R. T. Co.*, 235 id. 133; *Hanna* v. *Mitchell*, 202 App. Div. 504; *Appleton* v. *National Park Bank*, 211 id. 708.)

It appearing that the defendant has failed to set forth any facts which entitle him to defend, the motion for summary judgment should have been granted.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to appellant, and the motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.