SUN INSURANCE OFFICE, Plaintiff, *v.* MORRIS HOHENSTEIN, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, January 31, 1927.

**Insurance — automobile casualty insurance — insured, after payment of claim by insurer, recovered damages from third party — insured's recovery, plus payment by insurer, is less than loss sustained — insurer not entitled to recover proportionate share of insured's judgment against third party.**

An insured, under an automobile casualty insurance policy, who, after payment of his claim by the insurer, recovered in good faith a judgment against a third party for damages to his automobile, which recovery, plus the payment by the insurer, after deducting the expenses of the action was less than the actual damages sustained, is not liable to the insurer for a proportionate share of his recovery against the third party.

Since it appears that the insurer, by its own laches, deprived itself of the right of subrogation, it cannot now claim that it was subrogated *pro tanto* to the cause of action against the tort feasor to recover the amount it has paid the insured under the policy.

ACTION brought by plaintiff, an insurance company, to recover from defendant, the insured, certain money paid to the defendant insured under an insurance policy.

*Robert I. Rogin,* for the plaintiff.

*John G. Turnbull,* for the defendant.

LEARY, J. The case is submitted upon an agreed statement of facts, as follows:

1. That heretofore and on or about the 30th day of June, 1923, the plaintiff duly issued to the defendant its policy of insurance for a term of one year from said date, covering the Franklin brougham automobile belonging to the defendant against loss by fire, theft and transportation and against loss by collision in excess of $100.

2. That thereafter and on or about the 13th day of December,

1923, and while said policy was in full force and effect, the said automobile of the defendant was involved in a collision with an automobile truck owned and operated by the New York Live Poultry Trucking Company, and that as a result of said accident the defendant's automobile was damaged to the extent of $396.68.

3. That thereafter the defendant filed a proof of claim in the sum of $296.68 with the plaintiff, and that pursuant to the policy held by the defendant, the plaintiff paid to the defendant on or about the 25th day of January, 1924, the sum of $296.68, said sum representing the damage sustained by the said collision, less the sum of $100, deducted pursuant to the policy terms.

4. That thereafter both the plaintiff and the defendant by their respective attorneys, made claim upon the said New York Live Poultry Trucking Company for the damage occasioned to the automobile of the defendant as a result of the accident as aforesaid, and that the defendant herein by his attorney commenced an action in the Municipal Court, Borough of Manhattan, Sixth District, by the service of a summons on or about the 24th day of April, 1924, in which action the defendant herein, the plaintiff therein, claimed the sum of $650 from the New York Live Poultry Trucking Company; that in the bill of particulars filed by the defendant herein, the plaintiff in said action claimed the sum of $470.49 as repair damage, and the sum of $250 as loss of use.

5. That while said action was pending the defendant herein was duly advised of the interest of the plaintiff herein in any recovery which the defendant herein might make in the action which he had started against the New York Life Poultry Trucking Company.

6. That on or about the 24th day of June, 1925, judgment was rendered in favor of the defendant herein and against the New York Live Poultry Trucking Company for the sum of $277.45 and $24.60 costs and disbursements, making a total of $302.05, which said sum has been paid to the defendant herein or his attorney.

7. That the plaintiff herein has demanded of the defendant that he pay to the plaintiff its proportion of the proceeds of said judgment, but that he has refused to pay such proportion or any part thereof.

8. That the defendant paid the sum of thirty dollars to the North Shore Franklin Company for the services of E. L. Stevens for two days to testify as an expert on the subject of the amount of damage to the automobile.

9. That the defendant paid the sum of $120 and $20 court costs to his attorney, John G. Turnbull, for his services in representing

the defendant in the action against New York Live Poultry Trucking Company, and upon the trial thereof.

Plaintiff contends that upon payment by it to the defendant insured of the sum of $296.68, it was subrogated *pro tanto* to a cause of action against the tort feasor to recover this amount, and that the insured by bringing an action against the tort feasor and including in his claim the sum which he had been paid by the plaintiff, plaintiff was thereby deprived of its action against the tort feasor; that upon recovery by the insured of judgment against the tort feasor the defendant was obligated to pay to the plaintiff its proportionate interest in said recovery and upon its failure so to do breached the contract of insurance and converted the moneys so due to the plaintiff.

That since the plaintiff had paid to the defendant insured the sum of $296.68 and since the total amount which the insured claimed in his action against the tort feasor was $650 and included the sum so paid to him by the insurer, the relative interests of the insurer and insured in said claim were $296.68 and $353.32 and upon the recovery the insurer was entitled to $\frac{296.68}{650}$ of $302.05 and the defendant to $\frac{353.32}{650}$ of $302.05, or the plaintiff to $123.89 and the defendant to $176.16. This contention is untenable as was said by Judge Andrews writing in *Costello* v. *N. Y. C. & H. R. R. R. Co.* (238 N. Y. 240, 244): " The verdict, as has been said, was a general one covering all losses. Who can say what the jury allowed for any particular item? * * * Can the insurance company point out what proportion of the general verdict has been assigned to it? "

Plaintiff further contends defendant's course of conduct throughout has been marked by bad faith, in his failure to account for the proceeds of the recovery and also in the bringing of the action against the tort feasor which manifested a desire on his part to recover twice for the same loss.

Obviously the insured cannot recover twice for the same loss, as all the insured is entitled to receive is indemnity. In this case it affirmatively appears that the sums of money received by the insured from the insurer and tort feasor did not exceed his loss.

" The principle underlying the application of the doctrine of indemnity to contracts of insurance is to do justice between the parties and to see to it that the insured shall not receive more than the amount of his actual total loss. As was said by Brett, L. J., of the Court of Appeal in England, in the case of *Castellain* v. *Preston* (L. R. 11 Q. B. Div. 380, 386): ' The very foundation, in my opinion, of every rule which has been applied to insurance law is this, namely, that the contract of insurance contained in

a marine or fire policy is a contract of indemnity, and of indemnity only, and that this contract means that the assured, in case of a loss against which the policy has been made, shall be fully indemnified, but shall never be more than fully indemnified. That is the fundamental principle of insurance, and if ever a proposition is brought forward which is at variance with it, that is to say, which either will prevent the assured from obtaining a full indemnity, or which will give to the assured more than a full indemnity, that proposition must certainly be wrong.'

" It is under the application of this principle that the doctrine of subrogation has been applied to insurance, so that if the insured receives or is entitled to receive more than the total amount of his actual loss the insurer becomes subrogated to his rights to the extent of the insurance." (*Columbia Trust Company* v. *Norske Lloyd Ins. Co., Ltd.*, 100 Misc. 550, 557, 558.)

The defendant contends that it acted in good faith in instituting the action against the tort feasor and that the insurer knew that the action was pending (which is conceded by the insurer) and that the insurer was kept advised of the progress of the same. The general doctrine of the right of subrogation is not questioned by the defendant.

The exact question has never been decided in this State, but in *Shawnee Fire Ins. Co.* v. *Cosgrove* (86 Kans. 374) it was held that where the insured brings an action against an alleged wrongdoer for occasioning a loss partially covered by insurance and the insurer is informed from time to time by the insured of the prospects of recovery, and the insurer contributes nothing to the prosecution of the claim and takes no steps to protect his interest, the insurance company cannot recover the insurance money paid in an action against the insured. The court said: " The general rule is unquestionably that the insurer can recover from the insured, of the sum of insurance paid upon its policy, only the excess received from the wrongdoer after full compensation for his loss, including the costs and expenses thereof." To the same effect is *Svea Assurance Co.* v. *Packham* (92 Md. 464).

Defendant claims he was entitled to deduct from his judgment against the tort feasor the costs and expenses of recovery thereof. The insurer did nothing to aid or participate in the action against the tort feasor and he cannot now be heard to complain that he was deprived of a substantial right. In *Shawnee Fire Ins. Co.* v. *Cosgrove (supra)* the court, citing *Shawnee Fire Ins. Co.* v. *Cosgrove* (85 Kans. 296), said: " ' It is the duty of the insurer to intervene in the action and protect his own interests.' * * * In other words, that when a party has a clear right and opportunity to

protect his own interests he has no moral right to lie quiescent and demand that another should protect his rights for him."

In *Washtenaw Mutual Fire Ins. Co.* v. *Budd* (208 Mich. 483) the court said: " Where insured has sustained a loss, he is not required to invite the insurer to take part in an action against the wrongdoer, nor to take any special steps to protect the insurer; but it is the insurer's privilege to intervene and protect his own rights, if he sees fit to do so." And further: " Where the total amount received by the insured from the insurer and the wrongdoer, after deducting attorney's fees and costs, did not exceed the value of the property destroyed, the insurer was not entitled to subrogation against the insured to the judgment recovered against the wrongdoer." (See, also, *Ætna Ins. Co.* v. *Confer*, 158 Penn. St. 598.)

There is no question but that under the authorities the plaintiff as insurer would have a right to be subrogated as to any excess over the loss sustained by the insured (allowance being made to the insured for the costs and expenses in the prosecution of the action against the tort feasor), but inasmuch as the sum paid by the plaintiff to the defendant plus the sum recovered from the tort feasor, deducting from this sum the expenses in the recovery of the judgment against the tort feasor was less than the defendant's loss, the plaintiff is entitled to no return from the defendant.

This case is easily distinguished from the case of *Hamilton Fire Ins. Co.* v. *Greger* (218 App. Div. 536). In the latter case the insured after being paid $2,000 by the insurer under an insurance policy for damage to his automobile, brought an action against the tort feasor for the same claim together with a claim for personal injuries and damage to his personal attire. This action was subsequently settled by the payment to the insured by the tort feasor of $3,000, and taking in exchange a release by which the insured released and discharged the tort feasor from all debts, claims and demands whatsoever, and particularly such as have arisen by reason of, or in any manner grow out of, but in no wise limiting this release for all damages sustained as a result of an automobile owned and operated by the insured colliding with a train of the tort feasor, thus depriving the insurer of his right of subrogation. The insured having by his execution of the release taken from the insurer its right of subrogation against the tort feasor, the insurer was entitled to recover from the insured the amount it had paid to the insured under the policy of insurance. As was said by Mr. Justice Burr, writing in that case: " It is evident that the defendant Greger has been paid twice for the damage to the automobile insured by plaintiff. He should not be permitted to retain both payments. Insurance of the kind involved in this action is a contract of indemnity under which

there can be no recovery in the absence of loss or in excess of the actual loss proven. In the instant case there has been a double recovery by the insured for the same loss."

In the case at bar the insured did nothing to deprive the insurer of its right of subrogation. He did not execute a release in favor of the tort feasor, but there was a judicial determination of his action against the tort feasor. The insurer by its own laches deprived itself of this right of subrogation, and it cannot now be heard to complain.

The insured was not twice paid for the injuries to the automobile by the tort feasor, nor was there any recovery in excess of the actual loss proven, and there was no double recovery by the insured for the same loss.

I hereby find and decide that upon the agreed statement of facts submitted, the defendant is entitled to prevail upon the merits.