pany and came into collision with a trolley car approaching from the opposite direction, causing the death of two of the passengers and injuries to the remainder.

*Abel E. Blackmar* and *Bertram G. Eadie* for Richmond Light and Railroad Company, appellant.

*Moses Feltenstein* for respondents.

Judgment in each action affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: CRANE, J.

---

CLEMENTINE KADELBURG, Respondent, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

*Insurance (accident) — waiver — non-payment of last premiums due before death of insured — custom of extending credit and delivery of certificate of renewal to broker of insured kept policy in force in absence of notice of cancellation.*

*Kadelburg v. Hartford A. & I. Co.,* 223 App. Div. 169, affirmed.
(Argued June 21, 1928; decided July 19, 1928.)

APPEAL from a judgment, entered March 30, 1928, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of the court at a Trial Term, setting aside a verdict in favor of plaintiff directed by the court, and reinstated the verdict. The action was to recover upon a policy of accident insurance. The defense was that the policy had expired by failure to pay the premium. The policy was issued July 22, 1921. The insured died from accident November 4, 1923. Testimony showed that it had been the custom of defendant to send a renewal certificate to the broker of the insured and to extend credit for payment of the premiums. The last premium paid was due January 22, 1923, but payment was not made until April 7, 1923. The next payment was due July 22, 1923. The renewal certificate was sent to the

broker and held by him until after the death of insured, but the premium was not paid. The Appellate Division held that the course of dealing as to previous payments and the delivery of the renewal certificate to the agent of insured kept the policy in force in the absence of notice of cancellation.

*Robert H. Charlton* and *John T. Loughran* for appellant.
*Morris P. Schaffer* and *Howard C. Lane* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: CRANE, J.

---

ENDICOTT JOHNSON CORPORATION, Appellant, *v.* ALEX-
ANDER FOLDESY, Respondent.

*Appeal — motion for summary judgment granted — judgment not entered until after expiration of time to appeal from order granting motion — appeal may be taken from judgment.*

*Endicott Johnson Corp.* v. *Foldesy*, 223 App. Div. 716, affirmed.
(Submitted June 21, 1928; decided July 19, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 24, 1928, which reversed an order of Special Term denying a motion by defendant to compel the plaintiff to accept service of a notice of appeal and granted said motion. The following question was certified: " Where an order of the Supreme Court is entered granting a motion for summary judgment under rule 113 of the Rules of Civil Practice, and judgment is entered thereupon after the time in which to appeal from said order has expired without an appeal from said order having been taken, has a defendant then a right to appeal to the Appellate Division of the Supreme Court from said judgment? "

*Benjamin Lesser* and *William Lesser* for appellant.
*George Garfunkel* for respondent.