HARRY A. SMITH, Plaintiff, *v.* SWITZERLAND GENERAL INSURANCE COMPANY OF ZURICH, SWITZERLAND, Defendant.* (THE CALEDONIA.)

City Court of New York, Bronx County, January 12, 1933.

*De Forest, Cullom & Elder* [*James E. Freehill* of counsel], for the plaintiff.

*Bigham, Englar, Jones & Houston* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the defendant.

* See *post*, pp. 388, 391.

EVANS, J.   The policy of insurance at bar permits a recovery for loss or damage " through negligence or error in judgment of engineers or employees " of the carrier vessel.   Negligence here, if any, is the failure to perform a duty, on the part of the carrier's engineer or employees, in keeping the fruit refrigerated at an improper temperature, thus permitting it to rot.   The negligence must be measured by the duty.   The duty, regardless of the carrier's obligations under the contract of carriage, was to keep the fruit under a proper temperature.   Though there is no such duty at common law, the carrier had assumed such a duty.   The insurance policy does not restrict the negligence to common-law negligence.   Even at common law a volunteer would be liable for negligently performing a duty which he assumed although the law imposed no such duty upon him.   There being no specific restriction in the insurance policy as to the kind of negligence it protected against, it must be assumed that the policy was issued with reference to the duties which the carrier had assumed.   The evidence showed that the carrier did in fact carry the fruit in a refrigerator.   As against the carrier, a recovery could be had on the mere showing of the damage, from which an inference of negligence would arise.   At bar no inference of negligence is permissible. Some affirmative proof would have to be adduced to show a breach of the duty.   Such evidence has been presented by the plaintiff by showing the temperature at which the fruit was carried.   I think the plaintiff is entitled to a verdict.

The question is how much the verdict should be.   By the terms of the policy, plaintiff was required to bring suit against the carrier under the so-called " sue and labor " clause of the policy and to attempt to recoup all of his damages so as to save the insurer's liability in whole or in part.   The defendant was entitled to credit for any payment received by the plaintiff from the carrier whether the carrier was liable or not.   Pursuant to the terms of the policy, such a suit was brought by the plaintiff against the carrier and a recovery had for the damages in full.   (*Smith* v. *Anchor Lines*, 143 Misc. 326.)   In this case the claim for damage is larger than was established by plaintiff against the carrier.   I think the case against the carrier is *res adjudicata* on the question of damages. While the parties to the action are not the same, the question litigated was precisely the same.   The plaintiff and the defendant must be deemed privies to that action.   By the contract of insurance, they so became.   If the insurer had sued the carrier for the damages under a subrogation clause of an insurance policy, the verdict would certainly be *res adjudicata* as to the insured.   Here we have an insurance policy which compels the insured to sue the

carrier for the benefit of the insurer and for its own benefit. I think that establishes a privity which makes the former decision *res adjudicata* here, at least as to the damages suffered. If it were otherwise we would have the spectacle of different decisions on the same questions by the same court within the same year without any reasonable distinction that could be made. If a settlement had been made between the plaintiff or carrier for an amount not measuring the precise damage, a different question would arise under the terms of the policy. But, the entire damage having been measured by the same court against the carrier, I do not see how the same damages could be different when an insurance company is the defendant instead of the carrier.

But while the question of the amount of damage must be held to be *res adjudicata*, yet the plaintiff was put to the expense of counsel fees and disbursements in the suit against the carrier, so that plaintiff did not receive the full amount of his damages as a result of the suit. The policy provides that " in the event of loss or damage this policy shall be null and void to the extent of any payment made by the carrier or bailee or insurer whether liable or not." This clause must be read in conjunction with the so-called " sue and labor " clause, which provides that the insurer will contribute to the charges of the lawsuit made necessary by that clause " according to the rate and quantity of the sum herein insured." Those charges are $492.29 and are reasonable charges.

That sum plaintiff is entitled to recover, with interest from the date of the payment by the carrier of the verdict against it in the former action.