HARRY A. SMITH, Plaintiff, *v.* SWITZERLAND GENERAL INSURANCE COMPANY OF ZURICH, SWITZERLAND,· Defendant.* (THE CALEDONIA.)

City Court of New York, Bronx County, February 16, 1933.

* See *ante,* p. 386; *post,* p. 391.

*De Forest, Cullom & Elder* [*James E. Freehill* of counsel], for the plaintiff.

*Bigham, Englar, Jones & Houston* [*Arthur W. Clement* and *Henry J. Bogatko* of counsel], for the defendant.

EVANS, J. If, under the facts at bar, the " sue and labor " clause may be construed to mean that suit is required to be brought against the carrier for damage to the cargo, as a condition precedent to the insurer's liability under the policy, then the verdict is right. All that the " sue and labor " clause means, we are now told by defendant, is that the insurer must take every measure necessary for the " preservation and recovery of the property." (*Alexandre* v. *Sun Mutual Ins. Co.*, 51 N. Y. 253; Richards Ins. [4th ed. 1932] 827; 5 Couch Ins. § 1226.) It is urged that the action for damages (See 147 Misc. 386) was brought after the cargo was safely brought to port, and that the action was not necessary to preserve or recover the property, and, therefore, it should not have been taken in evidence, and that the reasonable attorney's fees, paid by plaintiff to recover his verdict against the carrier, should not have been allowed. There are circumstances where such counsel fees are allowed. (*Sun Insurance Office* v. *Hohenstein*, 128 Misc. 870; *Shawnee Fire Ins. Co.* v. *Cosgrove*, 86 Kan. 374; 121 P. 488; *Washtenaw Mutual Fire Ins. Co.* v. *Budd*, 208 Mich. 483; 175 N. W. 231; *Newcomb* v. *Cincinnati Ins. Co.*, 22 Ohio St. 382; 10 Am. Rep. 746; *Svea Assurance Co. of Gothenburg, Sweden* v. *Packham*, 92 Md. 464; 48 A. 359; 52 L. R. A. 95; *Pentz* v. *Ætna Fire Ins. Co.*, 9 Paige, 568, cited in *Costello* v. *New York Central & H. R. R. R. Co.*, 238 N. Y. 240; 26 C. J. 460, 464.)

But these cases would not be authority for allowing the counsel fees at bar. Under the " four corners " of the policy, an interpretation allowing counsel fees, in the suit brought by plaintiff against the carrier, would be difficult to maintain. But, in construing the " sue and labor " clause at bar, the conduct of the parties and the interpretation which the defendant placed upon it, should

be given effect, even though it may be an erroneous interpretation. The rulings of a trial court, even though erroneous, become the law of the case, when supported or acquiesced in by the parties. The practical interpretation of a contract, adopted by the parties thereto, will become the rule of construction for the court. When the damage to the cargo became known to plaintiff, he made claim therefor upon defendant under his policy of insurance. The defendant said, in reply to the claim: " We accordingly must respectfully decline liability, but suggest that the assured press his claim against the steamship company, and should it develop that the loss was due to any perils we insure against we still will be glad to consider the claim." The evidence in this case showed that the loss was one of the perils insured against and that defendant ought to have paid the claim. When the plaintiff adopted defendant's suggestion and brought suit and recovered against the carrier, it saved the insurer from a large part of its liability. The suit against the carrier was for the benefit of the defendant as well as for the benefit of plaintiff. There was no valid ground upon which the insurer could have rejected the claim, except that the assured had not performed a supposed condition precedent under the " sue and labor " clause, of first bringing suit against the carrier for the damage to the cargo. The defendant thus erroneously interpreted its own contract. It led the plaintiff to adopt this erroneous interpretation. The parties are now bound by that interpretation. It becomes the rule of interpretation for the case, and so the court interpreted the " sue and labor " clause in rendering its verdict.

Furthermore, while this case was tried, with an impaneled jury, all questions were taken from the jury by consent of both parties, and the court was authorized to reserve decision, take briefs, and thereafter direct a verdict as if the jury were present. The verdict, although in form that of a jury, is really the verdict of the court. There is, therefore, no power in the court, under section 549 of the Civil Practice Act, to set aside its own verdict. (*Kadelburg* v. *Hartford Accident & Indemnity Co.* 223 App. Div. 169; affd., 248 N. Y. 654.)

The defendant's motion to set aside the verdict is denied. The plaintiff's motion to correct it by adding the sum of $64.48 to the original verdict is granted. Ten days' stay; thirty days to make a case.