LAWRENCE J. MURPHY, Plaintiff, *v.* THE EXPORT STEAMSHIP CORPORATION, Defendant.*

City Court of New York, Bronx County, April 6, 1934.

*Neil P. Cullom* [*James E. Freehill* of counsel], for the plaintiff.

*Haight, Smith, Griffin & Deming* [*Edgar R. Kraetzer* and *Herbert M. Statt* of counsel], for the defendant.

EVANS, J. Defendant seems to be of the belief that because the court sustained the validity of the clause in the bill of lading, placing a value on the cargo, and thus limiting the damages of plaintiff, each and every provision of it must be given effect. That is not true. While the clause may have been valid at the time the contract was entered into, a breach of the contract of carriage by the carrier may destroy the favorable provisions in its behalf (*The Sarnia*, 278 Fed. 459; *St. Johns Corp.* v. *Companhia Geral, etc.*, 263 U. S. 119; *McKahan* v. *American Express Co.*, 209 Mass. 270), and plaintiff may become entitled to his actual damages. But be that as it may, the court has no power to increase or decrease the amount of the verdict. If either party feels aggrieved thereby, the only remedy is by appeal.

A new trial may not be ordered under section 549 of the Civil Practice Act, because the verdict was that of the court without a jury. (*Smith* v. *Switzerland General Ins. Co.*, 147 Misc. 388.) The court retains the power to correct errors as to the form of the judgment. (*Bohlen* v. *Metropolitan Elev. R. Co.*, 121 N. Y. 546; *Stannard* v. *Hubbell*, 123 id. 520; *Commercial Bank* v. *Catto*, 13 App. Div. 608.)

* See, also, 151 Misc. 655.

There are instances of substantial changes allowed in verdicts, but merely to conform to the true decision made, where the verdict or judgment did not, in form, express it. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Buckingham* v. *Dickinson*, 54 id. 682.) Even additional relief might be allowed by amendment of such a judgment, where it does not change the substance of the decision. (*New York Ice Co.* v. *North Western Ins. Co.*, 23 N. Y. 357.) But an increase in the amount of the verdict is a matter of substance (*Urband* v. *Lubell*, 245 N. Y. 156) and so would a decrease in the amount thereof. (*Heath* v. *New York Building L. B. Co.*, 146 N. Y. 260.)

Motion for a new trial denied.