THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. THE HOME INSURANCE COMPANY.

### No. 10378.

ACTION BY INSURER AGAINST RAILROAD COMPANY CAUSING FIRE— *maintainable for loss paid, though railroad company had paid insured difference between insurance and actual loss on agreement to be fully released on payment by insurer of residue.* When a fire loss, partially covered by insurance, occurs through the negligence of a railroad company, and such company pays the owner of the property the excess of the loss above the amount of the insurance and takes from him a release in full of all damages caused by the fire, conditioned, however, to operate as such only upon payment by the insurance company, and after payment of the residue the insurance company brings suit against the railroad company to recover the amount paid: *Held*, that there was no splitting by the owner of his cause of action against the railroad company which could prejudice the insurance company, or to which the railroad company by its settlement with him had not assented; and that an action by the insurance company against the railroad company to recover the amount paid to the assured, could be maintained upon the equitable theory of the subrogation of the insurer to the rights of the assured.

Error from Sumner District Court. J. A. Burnette, Judge. Opinion filed June 11, 1898. *Affirmed.*

*A. A. Hurd, O. J. Wood* and *W. Littlefield*, for plaintiff in error.

*C. E. Elliott* and *H. L. Woods*, for defendant in error.

Doster, C. J.    The plaintiff in error, through the negligent condition and operation of one of its engines, set fire to the property of one Daniel Lane, damaging him to the amount of $7875.    The property was insured by the defendant in error, and it and the owner adjusted its liability under the insurance contract at $4875, but it did not immediately pay the amount.    The plaintiff in error and the owner of the property adjusted his loss, over and above the amount covered by the insurance, at three thousand dollars.    In the settlement with the plaintiff in error, the fact of insurance upon the property and the amount at which the Insurance Company's liability had been adjusted were taken into account.    Payment of the three thousand dollars was made by the plaintiff in error, and a receipt in full and release of damages was executed to it, conditioned to take effect upon payment of the sum due from the Insurance Company.    This condition was inserted in the receipt and release, and was in the following language :    " This settlement based on fact of adjustment already had by insurance company at $4875 ; company not released until adjustment is paid in full."

This sum was presently paid in full by the defendant in error.    It thereupon brought suit against the plaintiff in error to recover the amount so paid.    A verdict and findings were returned in its favor and judgment rendered thereon, from which error is prosecuted to this court.

When insured property has been destroyed or damaged by fire occasioned by the negligent act of another than the owner, and the insurer has paid to the

28—59 KAN.

assured the amount of the loss or damage, the former . becomes subrogated to the position of the latter, and may maintain an action to recover from the wrongdoer the amount which by his contract he was compelled to pay.   This as a rule of equity is so well established that particular cases need not be cited in its support or justification.  4 Joyce on Insurance, § 3574.  Wood on Fire Insurance (B. & B. ed.), § 473 ; Ostrander on Fire Insurance (2d ed.), § 126.   When the amount of the loss does not exceed the amount of the insurance, so that satisfaction by the insurer fully compensates the assured, the right of action against the wrongdoer vests wholly in the insurer, and he may, indeed must, under our Code, as the real and only party in interest, undertake the maintenance of the action for his reimbursement.   When the loss does exceed the amount of the insurance, so that payment under the insurance contract constitutes but a partial satisfaction of the damages sustained, leaving a residue to be made good by the wrongdoer, a question has arisen as to whether the action against the wrongdoer for the recovery of the portion paid by the insurer should be undertaken in the name of the insurer or of the assured.   The tendency of the courts seems to be to hold the latter to be the only competent person to bring suit.   This upon the theory that an action for damages for a tort is indivisible and cannot be split up.   In such cases the assured sustains towards the insurer the relation of trustee, in respect of such portion of the amount recovered as the former under his contract has been compelled to pay.  *Norwich Union Fire Ins. Soc. v. Standard Oil Co.*, 59 Fed. 984.

Inasmuch as in this case the loss exceeded the amount of the insurance, the plaintiff in error, upon the theory of the indivisibility of actions for tort, and of the trusteeship of the assured, contends that the

insurer, the defendant in error, cannot maintain its action. We do not, however, have for determination the question which the plaintiff in error presents. There was no splitting of a cause of action. Before the insurer brought its action there was a settlement with the owner, and a partial payment to him, by the plaintiff in error, of the damages he had sustained. The owner did not split his cause of action. He brought no action at all. Without bringing an action, he accepted payment from the plaintiff in error of such an amount as reduced his damages to the sum due from the Insurance Company, the defendant in error. The plaintiff in error made this as a partial payment for the loss sustained, and in the settlement papers expressly allowed to the owner a reservation of his right to demand and recover the balance due. If it could be said that by the act of the owner there was a splitting of his cause of action, it was an act to which the defendant in error expressly assented. By so assenting it waived the legal consequences which might otherwise have resulted.

If, by the terms of the settlement, a right of action for the unpaid balance of damages was reserved to the owner, that right of action, upon the principle of subrogation before adverted to, passed to the defendant in error, the Home Insurance Company, upon the payment by it of the amount of its liability. That amount had been agreed upon between the insurer and the assured. The plaintiff in error, at the time it made its partial payment, knew of the agreement between the owner and the insurer. The plaintiff in error knew that a right of action had been reserved, not only against itself, but against the insurer, for the unpaid amount. Its settlement was predicated upon the idea, in point of fact, of a payment by it of such portion of the loss as the Insurance Company was not liable for,

with a reservation to the assured of a right of action against the insurer for the balance, and also against itself if the insurer did not pay.; and was also predicated upon the idea, in point of law, of a subrogation to the insurer of the assured's right of action against it when the insurer made good the residue of the loss. The doctrine of the indivisibility of causes of action for tort does not apply to this case, and all objections of the plaintiff in error to the maintenance of the case, based upon the idea of the splitting of the original cause of action, were rightly overruled by the court below.

Other claims of error are made. They are that the evidence failed to show responsibility in the plaintiff in error for the fire in question ; that the answers to some of the special questions were contrary to the evidence and were conflicting and inconsistent between themselves ; that, under the pleadings, the defendant in error was required to prove its authority to transact insurance business in the State and that it failed to do so ; that the court erroneously instructed the jury in several particulars, and erroneously refused to give certain instructions asked. We have carefully examined these claims of error. All of them are unfounded.

It is also said that the court erred in the admission of evidence. Citations are made to the record where it is said this erroneous evidence can be found, but no statement is made of the character of any of it, and no attempt made to point out wherein its admission was erroneous. We are not under obligations to consider the points upon which the plaintiff in error has seen fit to furnish us with such meager information.

The judgment of the court below is affirmed.