THE SHAWNEE FIRE INSURANCE COMPANY, *Appellant*, v. JAMES H. COSGROVE *et al.*, *Appellees*.

No. 16,963.

SYLLABUS BY THE COURT.

1. INSURANCE—*Loss by Fire—Proper Party to Recover from Wrongdoer*. Where a loss by fire is occasioned to insured property by a wrongdoer and the loss exceeds the amount of insurance, the insured owner is the only proper party to recover damages from the wrongdoer.

2. —— *When Insurer Should Intervene*. In such case if the insured brings an action for the recovery of the loss from the

wrongdoer and the insurer is informed of the pendency of the action, that the insured does not wish to represent the interests of the insurer and that there is talk of a settlement between the insured and the wrongdoer, it is the duty of the insurer to intervene in the action and protect his own interests.

3. LOSS — *Settlement by Insured* — *When Final as to Insurer.* Where in such case the insured accepts, on settlement, damages from the wrongdoer which, added to the amount of the insurance, is less than the amount of his loss and expenses of litigation, the insurer, having made no effort to intervene and protect his own rights, can recover nothing from the insured.

Appeal from Johnson district court. Opinion filed July 7, 1911. Affirmed.

*Mulvane & Gault,* and *D. R. Hite,* for the appellant. *C. L. Randall,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellant brought this action against the appellees to recover the sum of $500 which they had paid to the appellees on a policy of insurance, less its proportion of the expenses incurred by the appellees in the collection of their claim against the railroad company. The case was tried to the court without a jury, and at the conclusion of the evidence the court made findings of fact, in substance, as follows: That the appellees were the owners of a certain building and contents, which were insured in the sum of $500 in the appellant's company and $675 in other companies. The building was totally destroyed by fire. The value of the building was $2100 and of the contents $1400. On proof of loss the appellant paid the appellees the sum of $500, and the appellees also collected the $675 other insurance. Thereafter the appellees brought suit against the St. Louis & San Francisco Railway Company to recover the loss occasioned by the fire, alleging that the fire had been set by the railroad company. In this suit they alleged the loss to be $3500 but asked judgment for only $1950 and attorneys' fees. During

the pendency of that action the suit was compromised without a trial and dismissed by the appellees on payment by the railroad company of $1500. The costs and attorneys' fees paid by the appellees were between $425 and $440. The appellant had knowledge of the suit at the time it was pending, but took no part in the litigation, except the company advised with the attorneys for the appellees, which, however, was unknown to the appellees. The insurance company employed no attorneys to represent it in the above litigation, nor offered to pay any of the costs or attorneys' fees of the litigation. The actual loss by the fire was $3500.

As a conclusion of law the court found that the insurance company was not entitled to recover in this action, and rendered judgment against it for the costs. The insurance company filed a motion for a new trial, and on the hearing of this motion one of the attorneys for the insurance company testified that during the pendency of the action he discussed the case with the attorney for the appellees and manifested a willingness to do anything in his power to assist in the prosecution of the case, but was informed by the appellees' attorney that he did not desire to represent the company and that his clients did not want him so to do; that the witness inquired whether a compromise between the appellees and the railroad company was pending and was informed that it had been talked about a little, whereupon the witness said, "I want to advise you now that if your client compromises in this case, or you compromise it, or anything is done with reference to it by which your client recovers, the Shawnee Fire Insurance Company will claim such proportion of that recovery as we have paid out on this insurance policy."

Individual members of the firm testified on this hearing that they knew nothing of any arrangement between their attorney and the attorneys for the appel-

lant relative to the representation of the appellant in the litigation with the railroad company.

Practically the only question involved is whether the insurance company had any legal right to depend upon the appellees to defend their rights or whether it was the duty of the insurance company to join hands with the appellees in the prosecution of the suit or to intervene and set forth its rights. There is no question but that the insurance company could not have brought the action in its own name; the loss was greater than the amount of the insurance. That the suit against the railroad company for the loss was properly brought by the appellees and not by the appellant, and that as the loss was greater than the amount of the insurance the appellant could not bring an independent action, is indicated by *Railroad Co. v. Insurance Co.*, 59 Kan. 432, and *Norwich Union Fire Ins. Soc. v. Standard Oil Co.*, 59 Fed. 984. The reason for this is shown in the latter case by a quotation from an opinion by Judge Dillion, in *Ætna Insurance Co. v. Hannibal & St. Joseph R. R. Co.*, 3 Dill. 1:

"If one insurer may sue, then, if there are a dozen, each may sue, and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance. This is not permitted, and so it was held nearly a hundred years ago, in a case whose authority has been recognized ever since, both in Great Britain and in this country." (p. 2.)

It is also held in these cases that if the insured, having been paid his loss, or a portion of it, by the insurer, recovers an amount from the wrongdoer in excess of the amount of the balance of his loss and expenses of suit, after deducting the amount paid him by the insurance company, he holds such balance in trust for the insurer; but it is not held in these cases that the insured is entitled to retain the entire amount of his loss and expenses of suit and also the amount paid by

the insurance company, nor that the insurer is power-less to protect its interests in the action.

While the insured is the only proper party to bring the suit against the wrongdoer, it does not follow that the insurer is powerless to protect his own interests, but for this purpose he may intervene or, by consent of the insured, may join hands with him in the prose-cution of the case. If, as in this case, the insurer is notified that the insured does not wish to solely repre-sent the insurer, then it is the duty of the insurer to protect his own rights, especially when he had notice that a settlement was talked of. (*The L. E. & W. R. R. Co. v. Falk and Phoenix Ins. Co.*, 62 Ohio St. 297; *T. & F. S. Ry. Co. v. Ins. Co.*, 17 Tex. Civ. App. 498.)

After an insurer has intervened and shown he has a monetary interest in the result of the action, it is not to be presumed that any court would permit a settle-ment between the insured and the wrongdoer to the detriment of the insurer, but, on the contrary, that the rights of all parties would be protected.

Under the circumstances of this case, the appellant, having made no effort to intervene and look after its own interests, can not hold the appellees responsible for settling the case as they thought best for their own interests.

The judgment is affirmed.