THE SHAWNEE FIRE INSURANCE COMPANY, *Appellant*,
v. JAMES H. COSGROVE *et al.*, *Appellees.*

No. 16,963.

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. INSURANCE—*Loss—Settlement by Insured—Rights of Insurer.* In an action by the insurer against the insured to recover insurance money paid on the contract of insurance, the general rule is that the insurer can recover only the excess which the insured has received from a wrongdoer, who caused the loss, after the insured is fully compensated for his loss and the costs and expenses of the recovery thereof.

2. ——— *Same.* Where the insured brings an action against an alleged wrongdoer for occasioning a loss, partially covered by insurance, and the insurer is informed, from time to time, by the insured of the prospects of recovery and that a settlement is being discussed between the parties; and the insurer contributes nothing to the prosecution of the claim and takes no steps to protect his interests therein; and thereafter the insured, in good faith, settles the action for less than his loss in excess of the insurance; *held*, the insurer can not recover the insurance money paid, in an action therefor against the insured.

3. ——— *Same.* Where a plaintiff in an action, having not only a personal interest but also representing the interests of others who may be benefited by his recovery therein, settles the suit, on the advice of counsel, for less than the amount claimed, to the apparent detriment of both himself and the others, it will be presumed, in the absence of evidence to the contrary, that the settlement was made in good faith.


Appeal from Johnson district court. Opinion on rehearing, filed February 10, 1912. Reaffirmed. (For original opinion, see 85 Kan. 296, 116 Pac. 819.)

*Mulvane & Gault,* and *D. R. Hite,* for the appellant.
*C. L. Randall,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: In the second paragraph of the syllabus in the opinion on the former hearing of this case (*Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819) it was said that, on conditions therein specified, "it is the duty of the insurer to intervene in the action and protect his own interests."

This was said not with reference to an imperative legal duty but with reference to the interest of the insurer and the insured. In other words, that when a party has a clear right and opportunity to protect his own interests he has no moral right to lie quiescent and demand that another should protect his rights for him; nor was it intended as a determination of the only right of the insurer in the premises.

In section 501 of volume 2 of the second edition of Wood on Fire Insurance it is said:

"When such wrongdoer *knowing* that the insurer has paid the whole or a part of the loss under a policy of insurance upon the property, settles with the insured and takes a release from him, such settlement and payment is treated as a fraud in law, and he will still remain liable to the insurer in an action, in the name of the insured, for the amount paid by him under its policy. (Citing *Monmouth Co. F. Ins. Co. v. Hutchinson et al.,* 21 N. J. Eq. 107.) The assured may, where the company is entitled to subrogation, be enjoined from settling with the party doing the wrong."

It is conceded in the briefs that the insurer had the right, when notified that negotiations for a settlement were pending between the insured and the railroad company, to intervene in the action pending. On the authority above quoted the insurer also had the right to enjoin the insured from settling the case; or the insurer might, after the settlement, have treated the setlement as void and have brought an action, in the name of the insured, against the railroad company for

the amount it had paid the insured under its policy. The insurer therefore had three remedies to protect its rights, two before and one after the settlement was effected. If the insurer undertook either of these remedies, it assumed the burden of showing that the railroad company had destroyed the property, and the value thereof. It is evident the insurer sought to avoid this responsibility.

It is urged that at the time of the settlement the claim of appellant had been barred by the statute of limitations, but no finding or evidence is cited to sustain the claim. However, if this be so, it is the usual result of a claimant sleeping on his rights. The running of the statute of limitations is usually computed from the time a cause of action accrues in favor of the party seeking relief.

In his action against the railroad company, the insured claimed that he had been damaged in the sum of $3500 by the wrongful act of the railroad company. The action was pending for a long time. The liability of the railroad company for the loss was, of course, not admitted, but was denied. The insured was represented by counsel and, presumably, acted upon their advice. A settlement of the litigation for less than one-half the amount claimed was effected. The liability of the railroad company for the loss had not been judicially determined, and apparently the insured and his counsel feared at the end of a trial they would recover less than the amount offered in settlement.

This action was commenced, evidently, upon the assumption that $3500 was lost by the fire, that the wrongful act of the railroad company caused the fire, and that the appellees could have recovered the full amount of the loss had the settlement not been made.

If appellees and their counsel had considered the evidence clear as to these essential facts, self-interest would have impelled them to proceed to trial and to

deny the settlement. Instead they settled for a sum over $1200 less than the appellees would have realized had he recovered the full amount of the loss and had returned the insurance paid, less the expenses of the suit. This certainly does not indicate bad faith on the part of appellee.

The general rule is unquestionably that the insurer can recover from the insured, of the sum of insurance paid upon its policy, only the excess received from the wrongdoer after full compensation for his loss, including the costs and expenses thereof. In *Newcomb et al. v. Cincinnati Ins. Co.*, 22 Ohio St. 382, it was said:

"Where a loss, partially covered by insurance, is occasioned by a wrongdoer, against whom the assured, after payment of the insurance, recovers judgment for such loss in an action, to the prosecution of which the underwriter refuses on request to contribute, the assured, in a subsequent proceeding against him by the underwriter for reimbursement, is answerable for no more, if for anything, than the surplus of the amount recovered from the wrongdoer, which may remain after full satisfaction of his uncompensated loss, and the expenses of the recovery." (Syl.)

(See, also, *Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459; Vance, Ins. p. 427; Sheldon, Subrogation, § 232; Harris, Law of Subrogation, p. 15; 6 Pom. Eq. Jur. § 923; 2 Wood, Fire Ins., 2d ed., § 501.)

The appellant neither pleads nor does it produce any evidence of any fact or facts that make this case an exception to the rule unless it be that it warned the appellees if they settled the case it would claim repayment of the insurance paid. The appellant alleges simply that the loss was $3500 and the appellees had settled the action for $1500. This is not sufficient. As we have seen, the insurer has three remedies, each of which imposes responsibility. The insurer can not shift all responsibility and compel the insured to prosecute unaided a doubtful litigation for its benefit by such a warning. If, however, the insurer can satisfy the court

having jurisdiction that the insured has a clear right of recovery of a greater sum than is proposed in the settlement, it may enjoin or may intervene and assume in some measure the prosecution.

The judgment is reaffirmed.

PORTER, J., dissents.