No. 20,229.

THE GRAIN DEALERS NATIONAL MUTUAL FIRE INSURANCE COMPANY, *Appellant*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, and L. G. MURRAY, *Appellees*.

SYLLABUS BY THE COURT.

1. INSURANCE—*Loss in Excess of Insurance—Settled by Assured—Right of Insurer to Subrogation—Parties.* The rule that where the loss on an insurance policy exceeds the amount of the insurance, an action against the wrongdoer for the recovery of the part paid by the insurer must be brought in the name of the assured, is a general rule to which there are exceptions. It will not be applied where the assured, after settling with the wrongdoer out of court, arbitrarily refuses to bring the action.

2. SAME. In the situation stated in the preceding paragraph the insurer may, under section 36 of the civil code, bring an action in its own name, joining the assured as a defendant, and alleging his refusal to bring the action and that he is joined as defendant in order to protect the other defendant's right to have the entire matter litiigated in one action.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed June 10, 1916. Reversed.

*Robert Stone, George T. McDermott*, both of Topeka, *E. W. Grant*, of Erie, and *A. B. Harris*, of Kansas City, Mo., for the appellant.

*W. W. Brown, James W. Reid*, both of Parsons, and *John J. Jones*, of Chanute, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff insurance company issued a policy on an elevator owned by L. G. Murray, one of the defendants. The property was destroyed by fire set out by the defendant railway company in the operation of its road, and the plaintiff paid to Murray the sum of $2910 on account of his loss. His actual loss exceeded the insurance by $1439.40. The policy contained the usual clause giving the company the right of subrogation where the loss has been occasioned by the wrongful act of another. The plaintiff when it settled with Murray took from him a subrogation receipt which assigned to it all claims which he might have against the railway company to the extent of the insurance paid by the plaintiff. It was stated in the receipt that Murray had not at that time released the railway company from any liability on account of the loss. The insurance company promptly notified the railway company that it had paid Murray and had been subrogated to his rights in the amount paid, and demanded reimbursement. Subsequently, with full knowledge of these facts, the railway company made a settlement with Murray outside court and paid him the sum of $1000, taking a receipt in settlement. This was done without the knowledge or consent of the insurance company. The plaintiff demanded that Murray prosecute this action in his own name or join in the prosecution thereof, but he refused on the ground that he had settled all claims he had against the railway company. The plaintiff then brought the action and joined Murray as a party defendant. The petition alleged the foregoing facts and stated that Murray was made a defendant in order that the railway company might be protected and the entire matter litigated in one action. The petition also contained a statement that the only claim still existing against the defendant railway company on account of the loss was that held by the plaintiff by way of subrogation.

Murray filed a disclaimer in which he disclaimed all interest in any claim for damages against the railway company by reason of the facts alleged in the petition. The defendant railway company demurred to the petition and the court sustained the demurrer, and this is the ruling complained of in plaintiff's appeal.

The defendant claims that plaintiff can not recover because no one but Murray himself can maintain the action since his loss exceeds the insurance. The defendant relies upon the rule as stated in *Railroad Co. v. Insurance Co.*, 59 Kan. 432; 53 Pac. 459, where it was said:

"When the loss does exceed the amount of the insurance, so that payment under the insurance contract constitutes but a partial satisfaction of the damages sustained, leaving a residue to be made good by the wrongdoer, a question has arisen as to whether the action against the wrongdoer for the recovery of the portion paid by the insurer should be undertaken in the name of the insurer or of the assured. The tendency of the courts seems to be to hold the latter to be the only competent person to bring suit. This upon the theory that an action for damages for a tort is indivisible and can not be split up. In such cases the assured sustains toward the insurer the relation of trustee, in respect of such portion of the amount recovered as the former under his contract has been compelled to pay." (p. 434.)

While that is the general rule, there are undoubtedly exceptions to it. The rule itself rests upon the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong. This is avoided by having the suit brought in the name of the insured who sues for himself and as trustee for the insurance company; but it would be manifestly contrary to right and justice to say that the arbitrary refusal of the insured to bring the action or to permit his name to be used as plaintiff could have the effect of depriving the insurance company of its right of subrogation or of all remedy to enforce that right. The plaintiff has pursued the proper course in this situation by bringing the action in its own name and joining the insured as a defendant. This allows the whole controversy to be settled in one action, and whatever rights the insured may have against the railway company will be adjudicated and determined in one action.

The plaintiff has a right to maintain the action in this way under the provision of section 36 of the civil code, which reads:

"Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the petition."

This provision of the code is designed to take the place of the old common law precedure by which the action would have

been brought in the name of the insured to the use of the insurance company.

In *Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819, on rehearing, 86 Kan. 374, 121 Pac. 488, it was said that the insurer "had three remedies to protect its rights, two before and one after the settlement was effected." (p. 376.)  There, the insurance company, having been notified of the pendency of the action, might have intervened therein, or it might have enjoined the pending settlement, "or the insurer might, after the settlement, have treated the settlement as void and have brought an action, in the name of the insured, against the railroad company for the amount it had paid the insured under its policy." (p. 375.)

Aside from anything said in those opinions, however, this case may be decided on the provision of the code above quoted, and on the ground further that the insured could not deprive the insurer of its right to subrogation by his arbitrary refusal to have the suit brought in his name.

It was error to sustain the demurrer, and the cause will be remanded for further proceedings.