No. 27,356.

C. C. SMITH and F. A. DYSON, Copartners, as THE SMITH-DYSON
MOTOR COMPANY, *Appellees*, v. THE UNITED WAREHOUSE COM-
PANY, *Appellant*.

SYLLABUS BY THE COURT.

1. THEFT INSURANCE — *Subrogation as Against Warehouseman — Parties*. An
automobile was stolen from a warehouse in which is was stored, and when
returned to the owner was greatly depreciated in value. The owner was
insured against theft, and the insurance company discharged its liability
to the owner by payment of a sum less than the total amount of damages
the owner had sustained. *Held*, an action against the warehouseman for
the benefit of the insurance company was properly brought in the name of
the insured.

2. SAME—*Subrogation — Pleading — Evidence — Special Findings*. Assignments
of error by defendant relating to pleading, evidence, special findings, and
verdict, considered, and held to be without merit.

3. WAREHOUSEMEN — *Liability for Theft — Action for Benefit of Insurer —
Amount Recoverable*. The proceedings considered, and *held*, the court is
unable to declare that an instruction to the jury, limiting amount of recov-
ery by plaintiffs to the amount of the insurance money, was erroneous.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT,
judge. Opinion filed May 7, 1927. Affirmed.

*C. A. Matson* and *I. H. Stearns*, both of Wichita, for the appellant.

*L. A. Hasty, Robert R. Hasty* and *George E. Hasty*, all of Wichita, for the
appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages against a warehouse-
man for injury to a stored automobile which was stolen from the
warehouse and afterwards recovered. Plaintiffs prevailed, and de-
fendant appeals.

When stored the automobile was worth $2,725, and when re-
covered by the owners it was worth $1,000. The owners carried
theft insurance, and the insurance company paid them $1,060. The
owners sued the warehouse company for the difference between the
value of the automobile when stored and when returned, plus ex-
penses incurred in recovering it. The proved damages were $1,826.30.
One of the plaintiffs, F. A. Dyson, who personally conducted the busi-
ness of storing the automobile and of settling with the insurance

Insurance, 33 C. J. p. 43 n. 42. Trial, 38 Cyc. pp. 1516 n. 57, 1518 n. 69, 1521
n. 84.

company, testified as if he were the firm.   He said he assented to
the bringing of suit in his name, but did not employ the attorneys,
and had no interest in the outcome of the case.   At the trial, some
kind of a subrogation agreement between plaintiffs and the insur-
ance company was introduced in evidence.   The court referred to
it as an assignment of plaintiffs' claim for loss to the insurance com-
pany.   The court instructed the jury that if a verdict were re-
turned for plaintiffs, it would be for benefit of the insurance com-
pany, and the amount of recovery should be $1,060.   The verdict
was for that amount.

Defendant is aggrieved because plaintiffs sued without mention-
ing the insurance policy or the subrogation agreement in the peti-
tion, and because the action was commenced and prosecuted as it
was, defendant finds much fault with the result.   Defendant was a
wrongdoer, the damages occasioned by its conduct exceeded the
amount of insurance, and it was liable for the entire loss.   In such
cases the law requires that the suit be brought by the insured, and
the requirement is made for the benefit and protection of the wrong-
doer.   The subject is presented as clearly as the court is able to
present it in the opinion in the case of *Insurance Co. v. Railway Co.*,
98 Kan. 344, 157 Pac. 1187, which quoted from the opinion in *Rail-
road Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459, and cited the
opinion in the case of *Insurance Co. v. Cosgrove*, 85 Kan. 296, 116
Pac. 819.   In this instance, application of the rule produced this
result:   Defendant's entire liability is adjudicated, plaintiffs re-
cover an amount equal to the insurance money for the benefit of
the insurance company, and defendant is not exposed to further
litigation.

Defendant pleaded there was an insurance policy, and undertook
to show it had an interest in the insurance by virtue of a loss-
payable provision attached to the policy.   The jury found specially
no such provision existed, and the finding is sustained by evidence.

While complaining that the subrogation agreement was not
pleaded, defendant complains the agreement was introduced in
evidence.   The agreement was of no importance.   Without it the
insurance company was privileged to recover in plaintiffs' name,
by way of subrogation, the amount paid to discharge its liability
to the insurer, and under the agreement, whatever its terms, the
insurance company could recover no more.   The agreement got into
the case, and if, as the court seemed to think, it contributed to

Nuttle v. Wichita Rld. & Light Co.

preclude plaintiffs from recovering the amount of damages proved above the amount of the insurance money, then bringing the agreement into the case was a distinct benefit to defendant.

The automobile was stolen from the fifth floor of the warehouse, and the burden rested on defendant to show the theft could not have been avoided by exercise of due care. While the warehouse was a model warehouse, the jury was not satisfied with the testimony of defendant's witnesses relating to distribution and accounting for keys. The testimony was oral, its credibility and weight were matters for the jury who saw and heard the witnesses, and this court cannot determine from the record what should be regarded as proved.

Other matters discussed in defendant's brief do not require comment. Plaintiffs assign error because the court gave the instruction referred to, limiting recovery to the amount of the insurance money. As indicated, the witness Dyson spoke for plaintiffs. It was their privilege, if they so desired, to waive damages for their loss above the amount paid by the insurance company, and this court is not able to declare as a matter of law that they did not do so.

The judgment of the district court is affirmed.