No. 30,318.

J. R. CLARK, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant*.

(8 P. 2d 359.)

Opinion filed March 5, 1932.

*W. P. Waggener, J. M. Challis, O. P. May, B. P. Waggener,* all of Atchison, and *A. L. Todd,* of Wichita, for the appellant.

*Richard E. Bird,* of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for wheat burned by a fire caused by the railroad company. The jury returned a general verdict for plaintiff and answered special questions, from which a judgment for plaintiff larger than the general verdict could be computed. Plaintiff moved for judgment on the answers to the special questions. This motion was sustained. Defendant has appealed.

Defendant withdrew its motion for a new trial, hence the question whether the fire was caused by the defendant railroad is no longer in the case. Plaintiff was a tenant farmer who had a quarter section of wheat in Lane county. He gave one-fourth of the crop to the landlord for rent. The wheat was ripe, ready to be cut, when a part of it was burned by the fire. In fact, there were two fires a few days apart. Plaintiff had his wheat insured against loss by fire and collected about $600 from the insurance company. His total loss he estimated at about $900. His settlement with the insurance company settled for all of the loss on the second fire and compensated him in part only for the loss on the first fire. This action was for the loss on the first fire only. The jury's general verdict for plaintiff was for $259.22. In answer to special questions it found that fifty-five acres of plaintiff's wheat were destroyed by the first fire, that the probable yield of the wheat destroyed was twenty-six bushels per acre, and that the price at Healy, where it would have been marketed, was sixty-six cents per bushel. The jury further found that the settlement between plaintiff and the insurance company did not fully compensate him for the loss he had sustained.

Plaintiff filed a motion for judgment on the special findings. On the hearing of that motion it was brought out that there had been conflicting evidence as to the cost of harvesting the wheat with a combine and hauling it to the market at Healy. No special questions had been asked the jury on those points. It was suggested that a new trial would be necessary to determine those questions. Plaintiff then, in open court, consented and agreed that the court should use for those items of expense the largest figures testified to by any witness. With that admission the court deemed a new trial unnecessary, and from those figures, and the answers to the special questions, computed the sum due plaintiff to be $573.35, and rendered judgment accordingly.

Appellant argues that plaintiff was not the real party in interest; that, having been compensated for his loss by the insurance company, that company became subrogated to the rights of plaintiff and could alone maintain the action as the real party in interest, citing *Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459. The rules of law stated in that case, so far as applicable here, are that if the owner of property destroyed by fire, caused by the negli-

gence of another, has such property insured against loss by fire, and in settlement with the insurance company receives full compensation for his loss, the insurance company, by reason of conditions of the insurance policy, becomes subrogated to the rights of the owner of the property destroyed and becomes the real party in interest in an action against the wrongdoer, and is the only party that can maintain the action. But if the insurance company compensates the owner of the property for a part only of his damages suffered by the act of the wrongdoer, then the owner of the property can maintain the action against the wrongdoer for the full loss. This for the reason that damages recoverable for a tort cannot be split into two or more actions in the absence of some agreement or reservation which would permit, or authorize, such action. In such a case the owner of the property recovers for the full damages from the wrongdoer. He may be liable to the insurance company for the amount it had paid him, but that is a question between the insurer and the insured in which the wrongdoer is not concerned. In *Insurance Co. v. Cosgrove*, 85 Kan. 296, 116 Pac. 819, it was held:

"Where a loss by fire is occasioned to insured property by a wrongdoer and the loss exceeds the amount of insurance, the insured owner is the only proper party to recover damages from the wrongdoer." (Syl. ¶ 1.)

To the same effect is *Smith v. United Warehouse Co.*, 123 Kan. 515, 255 Pac. 1115. Here the jury specifically found, in answer to a special question, that plaintiff had not been fully compensated for his loss by the insurance company, hence he was the real party in interest and authorized to maintain this action.

Appellant argues: What was the difference between the sum paid plaintiff by the insurance company and his total loss? That was not the question to be tried, nor was it the question actually tried.

Appellant complains of the action of the trial court in rendering judgment for plaintiff in a sum greater than the general verdict, because of the answers to the special questions, especially in view of the fact that the jury had not been asked special questions on some of the controverted facts. The argument is not well taken. Our statute (R. S. 60-2918) provides, when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly. This court has followed this statute in so many decisions that it is unnecessary to

cite them. In this case it is clear that the special findings are inconsistent with the general verdict. On their face they require a larger verdict for plaintiff than the general verdict found.

But appellant complains that the court determined a controverted question of fact which should have been left to the jury. That was determined most favorably to appellant, and upon the consent and agreement of plaintiff in open court. It amounts to the same as though plaintiff had pleaded in his petition that the cost of harvesting and delivering the crop was a figure or sum which was the greatest amount shown by the evidence. By reason of plaintiff's agreement in open court on that matter, it was no longer a controverted question. It was perfectly proper for the court to regard it as an admitted fact and to end the litigation by entering the appropriate judgment. Regarding the expense of harvesting and marketing as an admitted fact, following the special findings of the jury as to the acreage, yield per acre and price per bushel, and making allowance for one-fourth going to the landlord, which plaintiff never claimed, it is not contended that the computation of the court was erroneous.

We find no error in the record. The judgment of the court below is affirmed.