No. 44,110

R. W. ELLSAESSER, *Appellant*, v. MID-CONTINENT CASUALTY COM-PANY, INC., AMY DISTRIBUTING COMPANY and J. E. ARNOLD, *Appellees.*

(403 P. 2d 185)

Opinion filed June 12, 1965.

*Thomas E. Brown,* of Hill City, argued the cause, and *W. H. Clark, Marion W. Chipman* and *Kenneth Clark,* all of Hill City, were with him on the brief for the appellant.

*Paul B. Watson,* of Jetmore, argued the cause, and was on the brief for the appellees, Mid-Continent Casualty Company, Inc., and J. E. Arnold.

*Tom Smyth,* of Ness City, was shown on the record as attorney for the appellee, Amy Distributing Company.

The opinion of the court was delivered by

FONTRON, J.: This action was brought by the plaintiff, R. W. Ellsaesser, to recover damages resulting to his automobile from the alleged negligence of defendant, J. E. Arnold. Joined as defendants with Arnold were his employer, Amy Distributing Company, and Amy's Insurance carrier, Mid-Continent Casualty Company, Inc.

An answer was filed by Amy alleging, among other matters, that plaintiff was not the real party in interest. Arnold and Mid-Continent filed both a joint answer denying liability and a joint counter-claim in which Arnold asked damages for personal injuries and Mid-Continent sought to recover the amount it had paid for damages to Arnold's car.

Arnold and Mid-Continent also filed a motion to dismiss the action on the ground that plaintiff was not the real party in interest.

At a hearing on this motion, it was disclosed that all but a small part of plaintiff's loss had been paid by his insurance company.

On this showing, the district court ruled that plaintiff and his insurance company were both real parties in interest and directed that the insurance company be .made a party plaintiff in the case or, in the event the company did not desire to be a party plaintiff, that the action then be dismissed. The trial court also ordered that plaintiff's cause of action be tried separately from Arnold's counterclaim.

In compliance with Rule No. 5 of this court, the plaintiff thereupon filed his motion for permission to take an interlocutory appeal from the trial court's order, under the provisions of K. S. A. 60-2102 (b). Plaintiff's motion was granted, and this appeal then perfected.

The rule has long been established in this jurisdiction that an insured property owner, who has been but partly reimbursed for his loss, is the proper party to bring suit against a third party wrongdoer for the entire loss. In case of recovery, the insured is said to hold in trust for his insurer such part of the proceeds as has been paid him on his loss. (*Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459; *Insurance Co. v. Cosgrove*, 85 Kan. 296, 116 Pac. 819, (reaffirmed on rehearing) 86 Kan. 374, 121 Pac. 488; *Smith v. United Warehouse Co.*, 123 Kan. 515, 255 Pac. 1115; *Clark v. Missouri Pac. Rld. Co.*, 134 Kan. 769, 8 P. 2d 359; *Watson v. Travelers Mutual Cas. Co.*, 146 Kan. 623, 73 P. 2d 64.) In Watson, the court said:

". . . It is undoubtedly the law of this state that although the civil code requires that an action must be brought in the name of the real party in interest, our own decisions have broadly held that where a property loss is in excess of the insurance collectible thereon, the insured is the proper party to bring the action against the wrongdoer, and that he is accountable to the insurance company as trustee and must proportionally reimburse it out of whatever judgment is recovered. . . ." (p. 631.)

For cases from other states applying the same rule see *Flor v. Buck,* 189 Minn. 131, 248 N. W. 743; *York v. Cumberland Const. Co.*, 312 Ky. 797, 229 S. W. 2d 970; *Wyker v. Texas Co.*, 201 Ala. 585, 79 So. 7.

This rule is tempered by the qualification that in the event the insured has fully settled his loss with the wrongdoer, or has otherwise released his claim against him, or for any reason refuses to bring suit to recover the full loss, then the insurer may bring the action. (*Insurance Co. v. Railway Co.*, 98 Kan. 344, 157 Pac. 1187.)

Both the rule and the exception are clearly and succinctly stated in *City of New York Ins. Co. v. Tice,* 159 Kan. 176, 152 P. 2d 836:

"1. *Where the loss has not been fully covered by the insurance payment, and the property owner still asserts a claim against the wrongdoer.* In this case both he and the insurer are real parties in interest, but action should be brought by the property owner, who will hold as trustee for the insurer in respect to such part of the amount recovered as the insurer has been compelled to pay under the policy. If, in such a situation, the property owner refuses to bring action, justice requires that the insurer be permitted to bring the action." (p. 186.)

On oral argument, defense counsel acknowledged that such has been the rule in this state, but contended that the rule as to joinder was changed by the recently enacted code of civil procedure. We believe this contention is unfounded.

The following provisions of Kansas Statutes Annotated are pertinent to the question presented: " 60-217. (*a*) *Real party in interest.* Every action shall be prosecuted in the name of the real party in interest; . . ." This language is essentially the same as that contained in G. S. 1949, 60-401, and, in our view, effects no change in our former practice.

"60-219. (*a*) *Necessary joinder—persons with joint interest.* Subject to the provisions of section 60-223 hereof, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When the consent of a person who should join as plaintiff cannot be obtained, he may be made a defendant.

"(*b*) *Other parties necessary for complete determination.* When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amended or supplemental petition; and service of process."

We believe it was never contemplated by those instrumental in preparing and drafting the code that sections 60-219 (*a*) and (*b*) should effect any fundamental change in the existing law pertaining to joinder of parties. The committee's notes appended to 60-219 which are found in Kansas Judicial Council Bulletin, November, 1961, Special Report, p. 27, read as follows:

"This section and the following section (60-220) cover the provisions of G. S. 60-410 and G. S. 60-411 and are not substantially different. Paragraph (*a*) also covers the provisions of G. S. 60-412."

Judge Gard in his valuable work, Kansas Code of Civil Procedure, annotated, makes this comment as to 60-219 (*a*):

"*Explanation of Changes in Kansas Law:* No change is intended. It is assumed that 'persons having a joint interest,' taken from the federal rule, will

be given the same construction as 'parties united in interest' as used in the former statute. [G. S. 1949, 60-412] . . ." (p. 101.)

On the following page, the author has this to say in explanation of 60-219 (*b*):

"*Prior Law and Explanation:* This subsection simply provides the *manner* in which indispensable or necessary parties may be brought in. It is complimentary (sic) to similar procedures set out in sections 60-213 (*h*) and 60-214." (Emphasis supplied.)

Our belief that enactment of 60-219 (*a*) and (*b*) intended no substantial change in the practice then current finds further support in the following sections of Vernon's Kansas Forms, annotated:

"§ 2.2626
"K. S. A. 60-219 (*a*) is substantially the same as the old provisions. . . ." (p. 665.)

.    .    .    .    .    .    .    .    .    .    .    .    .

"§ 2.2641
"K. S. A. 60-219 (*b*) is quite different from the Federal Rule 19b. The Kansas provision reads:
" 'When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amended or supplemental petition, and service of process.'
"It is permissive procedure to permit a complete determination of all of the issues." (p. 671.)

Further documentation on this point is deemed superfluous. We are convinced that 60-219 (*a*) and (*b*) were not meant to supplant the rule enunciated years ago in *Railroad Co. v. Insurance Co.,* supra, and consistently followed ever since. Nor do we perceive any compelling reason to depart from our prior holdings, for the rule not only accords with views long held by this court but affords adequate protection to the rights of everyone concerned, as well. Speaking on the latter subject, this court, in *Smith v. United Warehouse Co.,* supra, said:

". . . In this instance, application of the rule produced this result: Defendant's entire liability is adjudicated, plaintiffs recover an amount equal to the insurance money for the benefit of the insurance company, and defendant is not exposed to further litigation." (p. 516.)

A like view is expressed in *Braniff Airways v. Falkingham,* (Minn.) 20 F. R. D. 141, wherein the court states:

"The instant case as presently aligned cannot possibly embarrass movant financially. Eventually there can be but one recovery. A judgment in favor of plaintiff, who is the party in legal interest, would insulate movant against another suit by plaintiff's insurer. In any event, the recovery may be im-

pressed with a trust in favor of the party claiming the right to subrogation." (pp. 144, 145.)

Similarly, in *King v. Cairo Elks Home Association*, 145 F. Supp. 681, the court points out:

". . . Only one judgment and only one satisfaction thereof could be had, and there would be no advantage to the defendants if the insurance carrier would be brought into the suit as a party plaintiff except that such action might have an emotional effect upon the jury in arriving at a verdict. . . ." (p. 686.)

We recognize that there is disagreement among the several United States courts concerning the compulsory joinder of an insurer which has partially compensated its insured for his loss. This division of opinion is pointed out in 2 Barron and Holtzoff, Federal Practice and Procedure, § 513.6, p. 124, where it is said:

". . . Some cases have said that an insurer who has paid only part of the loss is not a necessary party to an action by the insured against a wrongdoer. It is usually held, however, that in such a situation the defendant may require joinder of the insured. . . ."

Although the majority federal rule does require joinder, on timely motion, of an insurance company which has partly paid a loss, except where its presence would destroy federal jurisdiction, the minority view is, more consonant with the practice in this state and, hence, we find it preferable.

Accordingly, we are constrained to hold that the trial court erred in its order directing plaintiff's insurance company to be made a party plaintiff in this action or, in the alternative, that plaintiff's action be dismissed.

In view of this holding, the reasons assigned by the trial court for ordering plaintiff's cause of action tried separately from Arnold's counterclaim no longer exists, and we consider further discussion of the order to be unnecessary.

The judgment of the trial court is reversed and this cause is remanded for further action consistent with the views herein expressed.