**PUBLIC SERVICE COMPANY OF OKLAHOMA, a Domestic Corporation, Plaintiff,**

v.

**CRANE COMPANY, a Foreign Corporation, and Black & Veatch, Consulting Engineers, a partnership, Defendants.**

**No. 69–C–51.**

United States District Court
N. D. Oklahoma.
Dec. 12, 1969.

———◆———

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for plaintiff.

Paul McBride, of Rucker & Tabor, Gerard K. Donovan, of Rogers, Donovan & Rogers, Tulsa, Okl., for Crane Co.

David R. Hardy and John T. Martin, of Shook, Hardy, Ottman, Mitchell & Bacon, Kansas City, Mo., for other defendants.

## ORDER

DAUGHERTY, District Judge.

The Defendant Black & Veatch, Consulting Engineers, a partnership, moves to make certain insurance companies, who have paid a part but not all of Plaintiff's loss, additional parties plaintiff herein pursuant to Rule 17(a), F.R.Civ.P., 28 U.S.C.A. The Defendant Crane Company supports said Motion. The Plaintiff Public Service Company of Oklahoma opposes the Motion. The issue presented by this Motion has been briefed by the parties involved.

Our Circuit has held in Gas Service Company v. Hunt, 183 F.2d 417 (10 Cir. 1950), that upon timely motion insurance companies possessing substantive rights in the litigation by way of subrogation should be joined as parties plaintiff pursuant to Rule 17(a), F.R.Civ.P. Other Courts have reached the same conclusion [1] but other courts have disagreed,[2] particularly when the action is brought by the insured and a state rule prohibits the splitting of causes of action in tort. Oklahoma has such a prohibition. Lowder v. Oklahoma Farm Bureau Mutual Insurance Co., 436 P.2d 654 (Okl. 1968). Under Oklahoma law if this case were proceeding in the state courts of Oklahoma (it is here only because of diversity) the insurance companies would not be necessary parties plaintiff, need not be joined by the Plaintiff and the Defendant by motion could not require their joinder. Travelers Insurance Company v. Leedy, Okl., 450 P.2d 898 (1969) (Mandate issued March 13, 1969); McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443 (1952); Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906 (1950).

The Court is constrained to follow Gas Service Company v. Hunt, supra, as the announced rule of this Circuit and grant the Motion under consideration. Plaintiff's position that the insurance companies are not real parties in interest in this case runs afoul of Gas Service Company v. Hunt as the Motion under consideration is deemed to be timely made and no argument is made that it is not. In granting the Motion, the Court would hope that our Circuit would see fit to overrule Gas Service Company v. Hunt for prospective application in cases where the insured brings the action for the entire loss and a rule prohibits another suit by anyone having an interest in the Plaintiff's cause of action. This will permit the parties to litigate their controversy strictly on its merits without the presence of an insurance company as a party to the action and the strong possibility that such presence will generate prejudice or favoritism in the jury process. Such a rule is nothing more than giving a plaintiff the same benefit of freedom from prejudice and favoritism before the jury regarding an insurance company as a party to the litigation which is afforded a defendant by the familiar rule that his insurance carrier may not be made a

1. National Garment Company v. New York C. & St. L. R. Company, 173 F.2d 32 (Eighth Cir. 1949); Koepp v. Northwest Freight Lines, 10 F.R.D. 524 (D.C.Minn. 1950).

2. Braniff Airways v. Falkingham, 20 F.R.D. 141 (D.C.Minn.1957); King v. Cairo Elk's Home Association, 145 F. Supp. 681 (E.D.Ill.1956); DeWitt v. Quarterback Sports Federation, Inc., 45 F.R.D. 252 (D.C.Minn.1968); Ellsaesser v. Mid-Continent Cas. Co., 195 Kan. 117, 403 P.2d 185 (1965), 13 A.L.R. 3d 133; and see excellent annotation at 13 A.L.R.3d 140 and dissent of Circuit Judge Burger in City Stores Co. v. Lerner Shops of District of Columbia, Inc., 133 U.S.App.D.C. 311, 410 F.2d 1010 (1969).

party defendant even though such carrier has, perhaps, the complete interest or liability in the case and will pick up the entire tab including the cost of defense.

With the foregoing expression of hope for a future change by our Circuit in the rule announced in Gas Service Company v. Hunt, supra, the Motion of Defendant Black & Veatch is granted and said Defendant may take the necessary action to bring in the insurance companies as additional parties plaintiff under the authority of Gas Service Company v. Hunt, supra.