No. 46,148

J. C. Livestock Sales, Inc., *Appellant*, v. Glen Schoof, Rollo L. Goodyear, and The Security State Bank, Auburn, Kansas, *Appellees.*

(491 P. 2d 560)

Opinion filed December 11, 1971.

*W. Jay Esco*, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen Jones*, of Lyndon, argued the cause, and *Harry T. Coffman* and *David R. Hederstedt*, both of Lyndon, were with him on the brief for Rollo L. Goodyear and The Security State Bank, Auburn, Kansas, appellees.

*David H. Heilman*, of Council Grove, was on the brief for Glen Schoof, appellee.

The opinion of the court was delivered by

Fromme, J.: Plaintiff appeals from a summary judgment entered in favor of all defendants. The trial court held that plaintiff was not the real party in interest in the action as required by K. S. A. 1970 Supp. 60-217.

The complicated transactions which gave rise to plaintiff's claim do not have to be detailed. Suffice it to say plaintiff is a public livestock sales company which handles auction sales of cattle. The defendant Glen Schoof is a cattle buyer who purchases cattle from farmers and ranchers in the area. A farmer-stockman sold cattle to Schoof which were auctioned through the plaintiff sales company. The defendant Rollo L. Goodyear is president of The Security State Bank, Auburn, Kansas. Schoof's check for the cattle

was deposited in said bank. The cattle sold at the auction for $3,074.20. This is the amount of the present claim. After a series of banking transactions which involved the issuance of checks, stop payment orders, insufficient fund checks, withdrawal of the stop payment orders and final payment of all checks the plaintiff sales company discovered it had issued two checks for the cattle and both checks had been cashed.

In its petition plaintiff sought to recover the money paid by mistake. Issues were drawn in the action on answers and cross-claims.

Thereafter discovery depositions were taken of the plaintiff's officers and it was learned that the entire $3,074.20 loss of the sales company had been reimbursed by Hartford Fire Insurance Company under an indemnity insurance policy held by the plaintiff. The defendants promptly filed motions for summary judgment against the plaintiff alleging it was not the real party in interest.

Shortly thereafter plaintiff moved to amend its petition stating:

"That at all times material herein the plaintiff was the assured in an indemnity insurance policy issued by Hartford Fire Insurance Company, Hartford, Connecticut. That Hartford Fire Insurance Company was liable to the plaintiff for its loss as hereinafter alleged, under the terms of the aforesaid policy *and that said company has paid the plaintiff the entire amount of its loss,* and that the *plaintiff* as the aforesaid named assured in said policy has *filed this action* in the name of the plaintiff, but *for the use and benefit of the insurer,* Hartford Fire Insurance Company, Hartford, Connecticut; . . ." (Emphasis added.)

The trial court denied the motion to amend, entered judgment in favor of all defendants and plaintiff has appealed.

The trial court's judgment must be affirmed.

K. S. A. 1970 Supp. 60-217 provides:

"(a) *Real party in interest.* Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, conservator, trustee of an express trust, receiver, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; and when a statute so provides, an action for the use or benefit of another shall be brought in the name of the state of Kansas."

When a loss is covered but partially by insurance, the insured is the proper party under this statute to bring suit for the entire loss. The insured will then hold in trust for the insurer such part

of the recovery as the insurer has paid. (*Ellsaesser v. Mid-Continent Casualty Co.,* 195 Kan. 117, Syl. ¶¶ 1 and 2, 403 P. 2d 185; *Clark v. Missouri Pac. Rld. Co.,* 134 Kan. 769, 8 P. 2d 359.)

When such loss is fully covered and paid the rule is otherwise, provided the policy of insurance contains a subrogation clause whereby the insurer succeeds to rights of the insured.

When a loss is fully paid by an insurer and the insurer becomes subrogated to all rights of the insured, the right of action against the wrongdoer vests wholly in the insurer. In such case the insurer becomes the real party in interest and must undertake the maintenance of the action for reimbursement. (*Railroad Co. v. Insurance Co.,* 59 Kan. 432, 53 Pac. 459; *Ellis Canning Co. v. International Harvester Co.,* 174 Kan. 357, 255 P. 2d 658.)

In the present action the depositions established that plaintiff had been fully reimbursed for the $3,074.20 loss. Plaintiff's motion to amend established that Hartford Fire Insurance Company was subrogated to all rights of plaintiff to recover the amount of the loss. Therefore the trial court properly determined that plaintiff was not the real party in interest and could not maintain the action.

The plaintiff further contends that it was error for the trial court to deny its motion to amend the petition and cites many of our cases which hold that amendment should be allowed to prevent injustice.

However, these cases cannot be applied here. To permit the amendment sought by plaintiff in this case would have accomplished nothing. The action would still have been prosecuted in the name of the livestock sales company and would have been in contravention of K. S. A. 1970 Supp. 60-217. The Hartford Fire Insurance Company was the real party in interest. The action had to be prosecuted in its name under the statute.

The judgment is affirmed.

O'CONNOR and PRAGER, JJ., not participating.