(766 P.2d 191)

No. 62,122

FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant*, v. THE SHAWNEE STATE BANK, *Appellee*.

Opinion filed December 22, 1988.

*Keith K. Couch* and *Linda S. Trout*, of Couch, Strausbaugh & Pierce, Chartered, of Overland Park, and *Glenn E. Bradford* and *Kevin M. McCormick*, of Beamer, Slagg, Bradford & McCormick, of Kansas City, Missouri, for the appellant.

*Richmond M. Enochs* and *Timothy G. Lutz*, of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before BRISCOE, P.J., BRAZIL, J., and RICHARD W. WAHL, District Judge, assigned.

BRISCOE, J.: Plaintiff Fidelity and Deposit Co. of Maryland (F&D) appeals the judgment of the district court entering summary judgment against F&D in its declaratory judgment action against Shawnee State Bank (Bank). F&D sought a declaration by the court that it could proceed in the Bank's name in an action against the Bank's officers and directors pursuant to a subrogation agreement in an insurance contract.

F&D issued a banker's blanket bond insuring the Bank against loss from fraudulent acts of its employees. Between January 1, 1975, and June 1, 1983, a vice-president and cashier of the Bank, Phillip H. Treas, embezzled nearly one million dollars from the Bank. After the deduction of a $90,000 deductible, F&D paid the Bank the sum of $860,004.95. Although the court found that the Bank absorbed the remaining $90,000 loss in its entirety, both parties agree the Bank actually suffered only a $15,000 loss. According to the parties, the Kansas Bankers Surety Company provided the first layer of insurance and paid the Bank $75,000 of the deductible amount. According to the Bank, both the Bank and Kansas Bankers Surety have waived their right to pursue a cause of action against the Bank's officers and directors.

After F&D made its payment to the Bank under its insurance contract, F&D brought a subrogation action against individual officers and directors of the Bank in federal court, alleging they were negligent in the supervision of the dishonest employee. This suit was filed in F&D's own name. After concluding the defendant officers and directors were emphasizing F&D's status as an insurer to F&D's prejudice, F&D dismissed the action without prejudice in order to file an action in state court with the Bank as the named plaintiff. However, the Bank refused to allow F&D to bring an action against its officers and directors in the Bank's name. When specifically requested by F&D to sign an authorization for F&D to sue in the Bank's name, the Bank refused.

As a result of the Bank's refusal to authorize a suit in its name, F&D brought this declaratory judgment action against the Bank. By this action, F&D sought a declaration that F&D has a right, pursuant to the contractual provision contained in the banker's blanket bond, to proceed in the name of the Bank in the proposed subrogation action. In the alternative, F&D prayed for return of the $860,004.95, claiming breach of contract and unjust

enrichment. F&D filed a motion for summary judgment. The Bank opposed the motion and in its opposition requested the entry of summary judgment in favor of the Bank. The trial court entered summary judgment for the Bank. The trial court's decision rested upon two conclusions: (1) F&D was the only real party in interest since the Bank had elected not to pursue its claim against its directors: and (2) the contract between the Bank and F&D could not be interpreted to require the Bank to sue in its own name on F&D's subrogation action.

On appeal, F&D contends the trial court erred in its interpretation of both the law and the parties' insurance contract. Specifically, F&D argues Kansas law does not preclude F&D from bringing the subrogation action in the Bank's name. Further, F&D argues the insurance contract required the Bank to cooperate with F&D in any subrogation action and execute all papers necessary to secure F&D's rights and causes of action. In response, the Bank argues F&D was free to pursue the subrogation action in its own name and that nothing in the contract required the Bank to authorize use of its name in an action against the Bank's officers and directors.

K.S.A. 1987 Supp. 60-217(a) provides: "Every action shall be prosecuted in the name of the real party in interest." Who is the real party in interest in the case at bar? This court, in *Thompson v. James*, 3 Kan. App. 2d 499, 502, 597 P.2d 259, *rev. denied* 226 Kan. 793 (1979), set forth the Kansas case law relevant to our determination of this issue:

"The real party in interest is the person who possesses the right sought to be enforced, and is not necessarily the person who ultimately benefits from the recovery. [Citation omitted.] The real party in interest requirement has as one of its main purposes 'the protection of the defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action so that if a judgment be obtained it is a full, final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party.' [Citation omitted.]

"The deciding factor in the application of 60-217 is whether the amount received is in full or only partial satisfaction of the loss. [Citation omitted.] If the amount received is in full satisfaction of the loss, the insurer is the real party in interest; if the amount received is only partial, it is the insured. As the court stated in *J.C. Livestock Sales, Inc. v. Schoof*, 208 Kan. 289, 290-291, 491 P.2d 560 (1971):

'When a loss is covered but partially by insurance, the insured is the proper party under this statute to bring suit for the entire loss. The insured will then hold in trust for the insurer such part of the recovery as the insurer has paid.

[Citations omitted.]

'When such loss is fully covered and paid the rule is otherwise, provided the policy of insurance contains a subrogation clause whereby the insurer succeeds to rights of the insured.

'When a loss is fully paid by an insurer and the insurer becomes subrogated to all rights of the insured, the right of action against the wrongdoer vests wholly in the insurer. In such case the insurer becomes the real party in interest and must undertake    the maintenance of the action for reimbursement. [Citations omitted.]' "

In the partial payment situation, both the insurer and the insured are considered to be real parties in interest. However, the insured is the proper party to bring the action because he suffered the entire loss in the first instance, while the insurer could not establish a claim beyond the amount for which it was liable under the policy. See *Ellsaesser v. Mid-Continent Casualty Co.*, 195 Kan. 117, 119, 403 P.2d 185 (1965); *City of New York Ins. Co. v. Tice*, 159 Kan. 176, 182, 152 P.2d 836 (1944). When the insured refuses to bring the action or permit his name to be used, the insurer is free to bring the action in its own name and to join the insured as a defendant. *Ellsaesser*, 195 Kan. at 119; *Tice*, 159 Kan. at 183, 186; *Insurance Co. v. Railway Co.*, 98 Kan. 344, 346, 157 Pac. 1187 (1916).

The trial court concluded the Bank in this case would be permitted to sue its officers and directors if it wished to do so. However, according to the court, given the Bank's decision not to sue, F&D is the only real party in interest and suit against the officers and directors should only be brought in F&D's name. Again, this finding ignores the interest of Kansas Bankers Surety. It is not disputed, however, that at least part of the deductible was paid by the Bank.

The trial court erred in concluding the Bank is no longer a real party in interest simply because it refuses to pursue its claim against its officers and directors. The Bank remains a real party in interest in this case because it was only partially compensated by its insurer, and it still owns a cause of action against the directors whether it chooses to pursue the action or not. The issue here, however, is not whether the Bank is a real party in interest but in whose name the action should be brought. Although the general rule is that the action should be brought in the insured's name, an exception is recognized to allow the insurer to bring the action in its own name when the insured refuses to permit suit in its name. *Ellsaesser*, 195 Kan. at 119; *Tice*, 159 Kan. at 183, 186.

Therefore, although the court erred in concluding the Bank was not a real party in interest, it correctly concluded F&D could have proceeded in its own name against the officers and directors.

The key issue in this case is whether the insurance contract requires the Bank to allow F&D to pursue the action in the Bank's name. F&D concedes the contract does not specifically cover the present issue. F&D contends, however, that section 7 of the insurance contract requires the Bank to allow use of its name in the action. F&D relies upon section 7 of the contract, which states:

"(a) In the event of payment under this bond, the Insured shall deliver, if so requested by the Underwriter, an assignment of such of the Insured's rights, title and interest and causes of action as it has against any person or entity to the extent of the loss payment.

"(b) In the event of payment under this bond, the Underwriter shall be subrogated to the Insured's rights of recovery therefor against any person or entity to the extent of such payment.

. . . .

"(d) Upon the Underwriter's request and at reasonable times and places designated by the Underwriter the Insured shall

"(1) submit to examination by the Underwriter and subscribe to the same under oath; and

"(2) produce for the Underwriter's examination all pertinent records; and

"(3) cooperate with the Underwriter in all matters pertaining to the loss.

"(e) The Insured shall execute all papers and render assistance to secure to the Underwriter the rights and causes of action provided for herein. The Insured shall do nothing after discovery of loss to prejudice such rights or causes of action."

As regards subrogation, section 7 provides for the insured to assign its rights to F&D upon payment under the bond and for subrogation of F&D to the insured's rights for recovery against any entity to the extent of such payment. The section further provides that, at F&D's request, the insured shall cooperate with F&D in all matters pertaining to the loss. Finally, the insured agrees to execute all papers and render assistance to secure to F&D its rights and causes of action provided for, and to do nothing to prejudice such rights and causes of action. According to F&D, the "cooperation" provision of section 7 requires the Bank to permit use of its name in the action. Furthermore, F&D contends the right to sue in the name of the insured is an implied term of the contract.

The trial court correctly interpreted the contract in this case.

The broad language in section 7 of the contract relied upon by F&D does not require the Bank to allow its name to be used in the action. Neither may this requirement be implied as an essential term of the contract. The use of the Bank's name is not essential to F&D's subrogation action against the officers and directors. Kansas law expressly allows F&D to proceed against the officers and directors in its own name. Therefore, F&D's subrogation action is not prejudiced by the Bank's refusal to lend its name to the action. Use of the Bank's name cannot be implied as a term of the contract since it is not essential to F&D's right of subrogation expressly provided for in the contract. Finally, the contract was drawn up by F&D. Any unclear language should therefore be construed against it. *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, 586, 738 P.2d 866 (1987).

Affirmed.